SAMUEL SLAVIN, PLAINTIFF-RESPONDENT, v. FRANCIS H. LEGGETT & COMPANY, DEFENDANT-APPELLANT.

Submitted October 12, 1934—Decided February 18, 1935.

Before Justices CASE, LLOYD and DONGES.

For the appellant, *Edwards, Smith & Dawson.*

For the respondent, *Samuel Hilfman.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the Passaic District Court in favor of the plaintiff. The District Court judge filed an opinion which is printed at 12 *N. J. Mis. R.* 549. There had been a previous trial at which a jury found a verdict for the plaintiff. This verdict was set aside on rule to show cause and at the retrial the case was submitted to Judge Peretti on an agreed state of facts.

The stipulated facts appear to be that on May 5th, 1933, plaintiff purchased a can of peas at his son's store. This can bore a label of "Francis H. Leggett & Co.," after which appeared the words "Distributors, New York, U. S. A." There also was the registered trade name "Premier—The Guarantee of Quality" on the can. While eating the peas plaintiff bit on a piece of stone and broke or damaged some teeth and a dental plate.

The peas were not packed by the defendant, but by the California Packing Corporation of San Francisco, from which company they were purchased by defendant and distributed under its own label. The word "Premier" is the registered trade name of the defendant.

The question is whether the defendant can be held liable in negligence for the injuries to the plaintiff.

There seems to be no case in point in this state. There are cases, such as *Griffin* v. *James Butler Grocery Co.,* 108 *N. J. L.* 92, where a retailer has been held under an implied warranty of fitness for canned goods packed by another; and cases such as *Sheehan* v. *Heinz Co.,* 8 *N. J. Mis. R.* 867, where a packer has been held liable in negligence for foreign substance found in packed goods. But here we have a so-called "distributor" who buys the product of a canner and puts it out under its own trade name and over the corporate name, with the word "distributor" appended thereto.

There are two cases in other jurisdictions which deal with similar situations. The first is *Thornhill* v. *Carpenter-Morton Co. (Mass.),* 108 *N. E. Rep.* 474. In that case the defendant marketed a floor stain under its own name which had been manufactured by another. A can exploded while being used

and there was proof of negligence in its manufacture. Of course, an element in the decision in this case was the fact that the stain was considered to be an inherently dangerous product. The court said:

"It is no justification that the defendant procured the stain instead of having it compounded on its own premises. The jury could find that, if not the originator, those who prepared the mixture simply executed the defendant's orders, and its representations to the purchasing public or consumer without any notice of its dangerous character that it was the manufacturer must be taken as essentially true."

In the instant case the label did state that the defendant was the distributor, so it may be said that it did not represent itself as the manufacturer. But we think it was a question of fact as to whether or not the label was misleading in this respect. In the Thornhill case the court further said:

"The manufacturer who puts or causes the component parts to be put together, or *accepts them as his own after they are assembled,* must be presumed to know the nature and quality of the resultant compound which he solicits the public to purchase."

The other case, *Burkhardt* v. *Armour & Co. (Conn.),* 161 *All. Rep.* 385, is closer to the case at bar. There a can of corned beef was sold under the name of Armour & Company with the words "Foreign Distributor" appended. It was proved that the goods were packed in South America, sold by the maker to another corporation, sold by that corporation to Armour & Company, whose label was put on, and sold by Armour & Company to the retailer. This case is quite like that here presented, except for the additional dealer between the maker and the defendant. The court there held that there was basis for a finding of fact that a reasonable person reading the label would have inferred that Armour & Company was the packer of the goods, and that there should be applied to the case the rule in the Restatement of the Law of Torts (section 270, Tentative Draft No. 5) that "one who puts out as his own product a chattel manufactured by another is subject to the same liability as though he were its manu-

facturer." The Supreme Court of Errors of Connecticut went on to say:

"By putting a chattel out as his own product he induces reliance upon his care in making it; therefore, he is liable if, because of some negligence in its fabrication or through lack of proper inspection during the process of manufacture, the article is in a dangerously defective condition which he could not discover after it was delivered to him. The rule applies only where the chattel is so put out as to lead those who use it to believe that it is the product of him who puts it out, but the fact that it is sold under the name of the person selling it may be sufficient to induce a belief." Citing the Thornhill case.

"The principle of estoppel appears to afford the main basis and reason for the liability imposed upon a party putting out as his own product goods produced by another, but it seems that additional justification may be found in the consideration, already mentioned as applicable on the question of warranty, that the ultimate purchaser has no available means of ascertaining the actual manufacturer or packer."

This seems to be the sound rule to apply to this case. The Leggett company selected a packer to supply it with products. Through advertising and other means it publicized the name "Premier;" it put this trade name with the words "The Guarantee of Quality" on the can of peas; it put its own name on the can, adding the word "Distributor;" nowhere on the can is the name of any other person as canner, nor is there any definite statement that the defendant is not in fact the canner. It might be both canner and distributor. It is fair to say that its conduct has been such that it might be held to have adopted this product as its own and to have made itself responsible for the acts of the undisclosed packer of its own selection.

In the factual situation presented, it was open to the trial judge to so find, and the judgment is affirmed, with costs.