FANNY BRUSSELS, PLAINTIFF-APPELLEE, v. GRAND UNION COMPANY, DEFENDANT-APPELLANT.

LESLIE I. BRUSSELS AND LUCILE HIGGINS, PLAINTIFFS-APPELLEES, v. GRAND UNION COMPANY, DEFENDANT-APPELLANT.

Submitted May 15, 1936—Decided September 24, 1936.

Before Justices BODINE and HEHER.

For the defendant-appellant, *Kalisch & Kalisch* (*Samuel Kalisch*).

For the plaintiffs-appellees, *Major, Back & Carlsen* (*James A. Major*).

PER CURIAM.

These two cases were tried together. The facts appear to be that Norman H. Brussels at the request of his mother, Fanny Brussels, and in her behalf, purchased canned peas for family use from the defendant grocery company. The proofs show that the peas, although properly prepared for a meal, made Mrs. Brussels ill; also her son, Leslie, and the maid of all work, Lucile Higgins. For the suffering caused by food poisoning they all had judgment. The defendant appeals.

The trial court found, as he could well do from the evidence, that the peas were unwholesome and not of merchantable quality. That there may be recovery for breach of an implied warranty upon the sale of articles of food, even in cans, seems settled. *Griffin* v. *James Butler Grocery Co.*, 108

N. J. L. 92; 156 *Atl. Rep.* 636. The warranty runs only to the purchaser. 26 *Corp. Jur.* 784; *Gearing* v. *Berkson,* 223 *Mass.* 257; 11 *N. E. Rep.* 785. A manufacturer of a commodity canned, bottled or sealed in a container or wrapper is under a duty to an ultimate consumer to exercise reasonable care in its production, regardless of contractual relations. *Cassini* v. *Curtis Candy Co.,* 113 *N. J. L.* 91; 172 *Atl. Rep.* 519. The defendant may have been the manufacturer of the article found deleterious, but there is neither allegation nor proof thereof. Fanny Brussels, having made the purchase through the agency of her son, was entitled to recover for breach of warranty. On the proofs adduced, not so the plaintiffs in the other action. As to them there must be a reversal.