UNITED STATES CASUALTY COMPANY, A CORPORATION, PLAINTIFF-APPELLANT, v. EVANS HYRNE, DEFENDANT-RESPONDENT.

Submitted October 30, 1936—Decided January 28, 1937.

For the plaintiff-appellant, *William A. Davenport* (*Joseph C. Paul*, of counsel).

For the defendant-respondent, *J. Frank Weigand*.

The opinion of the court was delivered by

WELLS, J. This is an appeal by the plaintiff, United States Casualty Company, hereinafter called the Insurance Company, from a judgment of the Supreme Court for the defendant, Evans Hyrne, entered on an order of the Circuit Court judge of Essex county, sitting as Supreme Court commissioner, striking out the complaint filed by said Insurance Company against said defendant.

On August 26th, 1933, one George M. Mason, a policeman in the employ of the borough of Keyport, was injured during the performance of his duties, as the result of being struck by an automobile owned and operated by said defendant. Mason was subject to the provisions of the Workmen's Compensation

act and an agreement was entered into for the payment of compensation by the plaintiff, Insurance Company, insurance carrier for the borough of Keyport.

No action having been instituted by Mason within six months, on December 29th, 1934, the Insurance Company filed a complaint alleging compliance with all statutory requirements of section 23 (f) of the said act. On motion of the defendant this complaint was struck on the ground that it did not set forth a legal cause of action.

The last paragraph of section 23 (f) of the Workmen's Compensation act, as amended 1931 (*Pamph. L., ch. 279, p. 74*), is the only part involved in this appeal and is as follows:

"When an injured employe or his dependent fails within six months of the accident, to take legal action against a third party responsible for the injury, or accepts a settlement for less than the compensation obligation of the employer, the employer or his insurance carrier is hereby authorized to proceed legally against such third party; provided, however, if the amount secured by the employer or carrier is in excess of the employer's obligation and the expense of suit, the balance shall be paid to the employe or the dependent."

Within the meaning of this section the said defendant, Evans Hyrne, is the "third party."

Generally, three grounds are urged to sustain the judgment of the Supreme Court: (1) The procedure provided by section 23 (f) contravenes article IV, subdivision 7, paragraph 4 of the constitution of New Jersey, providing that "every law shall embrace but one object and that shall be expressed in the title;" (2) the provision for suit by an employer or his insurance carrier after six months from the date of the injury tends to establish a new limitation of action, and tends to split a cause of action; (3) the provision for suit by an employer or his insurance carrier creates an assignment of a tort claim before judgment, contrary to the existing law; the contention being that if the legislature intended to change that law it should have said so by the use of clear language, which it has not done.

We shall discuss these in their order.

(1) The title of chapter 279 of the laws of 1931 is as follows: "An act to amend an act entitled 'An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment, establishing an elective schedule of compensation, and regulating procedure for the determination of liability and compensation thereunder,' approved April fourth, one thousand nine hundred and eleven."

"The general object of the act being made plain by the title, the legislature may include in the body provisions of a multiform character, designed to carry into execution the legislative purposes which are not inconsistent with, or foreign to, the general object of the act." *Shultise* v. *O'Neill,* 85 *N. J. L.* 15. "The title must necessarily be general in character; and it suffices if it broadly indicates the object of the statute. The criterion is whether the object, 'by fair intendment,' is included within the title." *Kluczek* v. *State,* 115 *Id.* 105. "In determining whether an amendment or a supplement to an existing statute violates constitutional provisions, the amendment or supplement is not to be examined as an independent enactment, but is to be considered in connection with, and as a part of, the statute upon which it is engrafted; and if the amendment, or the supplement, does not operate to render the statute, in its altered form, unconstitutional, it is valid legislation." *McMahon* v. *Riker,* 92 *Id.* 1; *affirmed,* 92 *Id.* 637.

The act here under review, as indicated by the title thereof, purports to regulate procedure for the determination of the liability of an employer to an employe, injured in the course of employment. If some third party is legally responsible for such injury, and this responsibility can be proved, then the employer's liability is reduced to the extent of payment secured from the third party. Therefore, an action at law by the employer against such third party, the employe, having delayed bringing suit, is a "procedure for the determination of liability" within fair intendment of the title. Such a conclusion reasonably extends to an insurance carrier who, by

contract, has assumed the employer's responsibility under the Workmen's Compensation act.

(2) There is no merit in the contention that section 23 (f) establishes a new statute of limitations. The six months' period is merely a requisite for the maturity of a right in the employer or his insurance carrier. By no manner of interpretation can the statute be said to take away the employe's cause of action, which is enforceable, until a day two years after such cause of action arose.

Nor does the fact of a right being concurrent in employes and employer tend to split the cause of action. The employer, or his insurance carrier, is not restricted to an action for the amount of compensation paid, for the final proviso contemplates a situation where a greater amount might be recovered. Whether suit be initiated by employe, employer or carrier, the basis of recovery is full compensation for the injury, with a proper right in the third party to set up in mitigation any amount previously paid on account of his responsibility. If action is instituted by the employe, there can be no action by the employer or carrier; if action is instituted by the employer or his carrier, then the third party may rightly move for joinder of the employe as a party, thus avoiding the possibility of vexatious suits. *Pamph. L.* 1912, *pp.* 378, 379.

(3) Section 23 (f) does not provide for an assignment of a tort claim before judgment, but seeks to create a new cause of action in the employer or his carrier. Such persons may "proceed legally" (1) when the employe has failed to bring suit for a period of six months, or (2) when the employe has accepted a settlement from the third party, which is less than the compensation obligation of the employer. If the employe has made settlement, he has released his right of action and nothing remains to be assigned—yet the employer or carrier may still "proceed legally" against the third party, who may be responsible. Obviously, therefore, the right of the employer or carrier is not derived from the employe, but is separate and distinct, although the basis of recovery may be the same.

Such is the apparent theory of the law as demonstrated by construing section 23 (f), in the light of legislative intendment. It is equally apparent, however, that such a radical

change in the existing law, carrying with it the various and necessary implications both as to substantive and adjective features of the law, is not clearly expressed by the term "proceed legally."

The statute does not say whether the Insurance Company may institute the action in its own name or in the name of the injured employe or in the name of both; it does not require the injured employe to be made a party to the suit nor to be notified of its pendency. It leaves him at the expiration of six months after the accident, at the mercy of any settlement the employer or insurance carrier might choose to make with the tort feasor. In fact, in the instant case the injured employe was not made a party to the proceedings nor does it appear from the record that he had any notice or knowledge that the suit had been brought by the Insurance Company. The act provides no procedure whatever to accomplish its purpose nor to safeguard the rights of the injured employe.

It has always been held that the right to bring an action in the courts of this state is possessed by the injured person alone, unless the injured person assigns his right to someone else, which cannot be done before judgment when the action sounds in tort, as is the case here. *Weller* v. *Jersey City, H. and P. Street Railway Co.*, 68 *N. J. Eq.* 659.

Statutory creation of rights, duties and obligations must be accomplished through the use of express language, directed toward that end, in order to be capable of judicial recognition. *Fidelity and Deposit Company of Maryland* v. *McClintic-Marshall Corp.*, 115 *N. J. Eq.* 470; *affirmed*, 117 *Id.* 440.

Since the statute by express words does not give the plaintiff the extraordinary right to institute suit in its own name, the statute being in derogation of the common law must be strictly construed, and should not by implication be construed to include such a right.

The only authority submitted by the plaintiff in support of its contention that chapter 279, laws of 1931, authorizes it to bring the suit in its own name is the decision of the Court of Chancery in *Scheno Trucking Co.* v. *Bickford*, 115 *N. J. Eq.* 380. This case was affirmed by this court in 116 *Id.* 586,

but not on the opinion of the court below upon which the plaintiff chiefly relies. We do not regard this case as applicable.

This was an interpleader suit involving the right of an insurance carrier to be reimbursed, as to compensation paid by it under the provisions of the Compensation act, out of damages already recovered by the injured employe in a suit brought by such employe against the tort feasor.

Section 23 (f) of the Workmen's Compensation act, as amended in 1931, has two purposes: (1) to secure a right of reimbursement to the employer's insurance carrier for compensation paid to the employe; and (2) to give to the employer or his carrier a separate right of action, based on the injuries sustained by the employe.

In reference to the first purpose, the fault of the old law has been overcome by upholding the right of reimbursement. Such was the function and effect of the decision in *Scheno Trucking Co.* v. *Bickford, supra.* No new cause of action was involved, but merely a right of participation in a fund obtained through legal action by the injured party. In such case a bill of interpleader is the obvious procedure.

As to the second purpose, however, which was not under consideration in the Scheno case, the statute attempts to create an entirely new cause of action, sounding in tort, and enforceable by one other than the injured party.

As said before, no procedure for the enforcement of such right is provided or suggested beyond the words "proceed legally." Such a situation is subject to those defects previously discussed.

Whatever merit there may be to this second legislative purpose, we do not think that it is achieved by the statute in its present form.

Therefore, there being no requisite cause of action secured to the plaintiff Insurance Company by the common law or by section 23 (f) of the Workmen's Compensation act, we are of the opinion that the trial court properly struck out the complaint.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHIEF JUSTICE, CASE, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ.   8.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, BODINE, HEHER, HETFIELD, JJ.   7.