MARY ALICE CORNELIUS ET AL., PLAINTIFFS-RESPOND-
ENTS, v. B. FILIPPONE & COMPANY, INCORPORATED,
DEFENDANT-APPELLANT.

Submitted October 5, 1937—Decided March 7, 1938.

Before Justices CASE and DONGES.

For the appellant, *Harvey G. Stevenson*.

For the respondents, *Hammer & Hammer*.

The opinion of the court was delivered by

DONGES, J.   This is an appeal from a judgment of the Clif-
ton District Court.   The case was submitted to the District
Court on a stipulation of facts.   This stipulation discloses
that the infant plaintiff was made ill by eating peas from a
can purchased from a grocery store.   The can bore the label
"Caroline Brand of Early June Peas," which label stated
that Saulsbury, Bros., Incorporated, was the distributor.
This corporation was named as a defendant and service on
it was attempted, but was set aside.   The can of peas was
purchased by the keeper of the grocery store from the
defendant-appellant, B. Filippone & Company, Incorporated,
a wholesale grocery firm.   It was stipulated that plaintiffs
were damaged in the sum of $75.

The agreed state of the case discloses that the appellant
moved for the direction of a verdict in its favor on the stipu-
lation, which motion was denied and an exception taken.
The trial court took the matter under advisement and subse-

quently rendered judgment for the plaintiffs in the sum of $75.

The state of demand sets out two counts, the first based upon a charge of negligence in the packing of the peas, and the second asserting an implied warranty of the fitness of the peas for human consumption. Respondents here rely upon both these causes of action to sustain their judgment.

As to the claim based on negligence, we are of the opinion that a wholesale grocer who buys canned goods from a packer and resells it in the same condition in which he buys it to a retail dealer cannot be held for the negligence of the packer of the product. Admittedly appellant did not pack the peas, but the Saulsbury corporation or someone of its selection did. No act of the appellant from which negligence can be inferred is stated in the stipulation of facts.

Respondents' position appears to be that the presence of deleterious matter in the can is proof of negligence and that the wholesaler can be held for this negligence under the case of *Slavin* v. *Francis H. Leggett & Co.,* 114 *N. J. L.* 421; *affirmed,* 117 *Id.* 101. Assuming that there is proof of negligence on the part of the packer, we are of the opinion that the rule of Slavin *v.* Leggett has no application to the present case. The holding there was that there was a question of fact whether a distributor who put canned goods out under his own trade name and trade-mark, with the words "Guarantee of Quality" on the label which the distributor placed on the can, had adopted the product as his own and become liable for the negligence of the undisclosed packer of his own selection. Here the appellant purchased the peas from the Saulsbury company with the Saulsbury label thereon, and appended its name in no way, but merely resold the goods in the condition in which it purchased them. The rule of that case does not apply, and in the absence of any negligent act charged or proved against the appellant, a judgment based on the first count cannot be sustained.

Nor do we think a recovery based upon warranty can be sustained. The warranty alleged is that set up by the Sale of Goods act. It arises out of contract and cannot be asserted

against one with whom the plaintiff has had no contractual relations. The appellant is a stranger to the respondents so far as any contract goes, and has made no warranty upon which the respondents can rely. *Cassini* v. *Curtis Candy Co.,* 113 *N. J. L.* 91.

The judgment is reversed.