JOSEPHINE AMABILE, ANTHONY AMABILE, HER HUS-BAND, AND ANTHONY AMABILE, INDIVIDUALLY, PLAINTIFFS-APPELLEES, v. GOTTFRIED KRAMPS AND MARTHA KRAMPS, DEFENDANTS-APPELLANTS.

Argued October 4, 1938—Decided November 3, 1938.

Before Justices TRENCHARD and PARKER.

For the defendants-appellants, *Klein & Klein* (*Emil Klein,* of counsel).

For the plaintiffs-appellees, *Bernard German* (*Abraham Levitan,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J.  Defendants appeal from judgments in favor of the plaintiffs below, rendered by the judge of the District Court, sitting without a jury, in suits brought to recover damages occasioned by eating unwholesome food prepared by the defendants and purchased from them.

The defendants contend that the judge erred in refusing to nonsuit, and in refusing "to direct a verdict for the defendants," *i. e.,* a motion for judgment on the ground that no issue of fact was presented.

But that contention was certainly ill-founded as we shall show.

The rule is that persons who engage in the business of preparing, baking and furnishing food for consumption by man are bound to use reasonable care respecting the fitness of the articles furnished, and they may be held liable in damages, if by reason of any negligence on their part unwholesome provisions are sold and persons are made ill thereby. 11 *R. C. L.* 1118.  The legal principle thus stated is amply supported by the following cases: *Tomlinson* v. *Armour & Co.,* 75 *N. J. L.* 748; *Jones* v. *Mount Holly Water Co.,* 87 *Id.* 106; *De Groat* v. *Ward Baking Co.,* 102 *Id.* 188; *Nisky* v. *Childs Co.,* 103 *Id.* 464; *McAteer* v. *Sheffield Farms Co.,* 9 *N. J. Mis. R.* 33.

We now examine the evidence.  It tends to show that on the evening of August 4th, 1936, plaintiffs, through an agent, purchased two cream cakes of the defendants who had prepared and baked them in their own bakery; that, after the cakes were brought to the plaintiffs' home, they were promptly

placed in their electric refrigerator which was new and in good condition; that they remained there until the following morning when they were eaten for breakfast at eight o'clock by the plaintiffs and three others; that all of the persons who ate the cakes soon thereafter became violently ill with vomiting and diarrhea necessitating the attendance of a physician; that other persons who had breakfast with the plaintiffs at the same table, but who did not eat the cakes were not affected in any way; that the doctor diagnosed and treated the cases as "food poisoning, acute gastritis from food poisoning" and the doctor attended the plaintiffs for ten days.

The plaintiffs in their demand charged negligence of the defendants in the baking and preparation of the cakes, and recovered judgments from which the defendants appeal.

Now where, as here, the evidence tends to show that the plaintiffs who partook of the cakes became ill soon thereafter, and that others at the same meal who did not eat the cakes were not affected at all, and where no other cause of illness is shown, it was open to the trial judge, sitting as a jury, to find that the cakes were unwholesome and caused plaintiffs' illness. *Griffin* v. *James Butler Grocery Co.,* 108 *N. J. L.* 92.

The defendants contend that their motions for judgment should have been granted because "the evidence discloses that the cakes were not consumed within a reasonable time after purchase."

Not so. The evidence tended to show that the cakes were purchased in the evening and were eaten at eight o'clock the next following morning, having been meanwhile properly kept in a refrigerator, and we think the question whether they were consumed within a reasonable time after purchase was one of fact for the consideration of the trial judge sitting as a jury. *Edge* v. *Boardwalk Securities Corp.,* 115 *N. J. L.* 286.

Since we find that the case was properly tried and decided upon the theory of negligence of the defendants, we have not examined other theories of liability relied upon by the plaintiffs.

The judgments below will be affirmed, with costs.