KATE SCHLOSSER AND DAVID SCHLOSSER, HUSBAND OF KATE SCHLOSSER, PLAINTIFFS-APPELLANTS, v. LENA GOLDBERG, TRADING UNDER THE FIRM AND STYLE NAME OF CLIFTON BOTTLING WORKS, DEFENDANT-RESPONDENT.

Submitted October 13, 1939—Decided December 14, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the plaintiffs-appellants, *David Cohn* (*Milton Goldinger,* on the brief).

For the defendant-respondent, *Cox & Walburg* (*Harry E. Walburg,* of counsel).

BROGAN, CHIEF JUSTICE. A jury having returned a finding of no cause of action, judgment for the defendant was entered in the Court of Common Pleas in Passaic county and

the plaintiff appeals. The basis of the suit was the personal illness which the plaintiff Kate Schlosser says she suffered by drinking carbonated water purchased by her from the defendant, for which she demands damages. The husband joins the plaintiff wife seeking damages for loss of his wife's services and his expenses incurred through her illness.

Of the eight grounds of appeal listed as error four are argued. The remainder we consider abandoned.

First, it is said that the trial court erred in charging the jury. Under this heading, which is made the fifth ground of appeal, the appellant set out virtually the entire charge. The assignment charges that the trial court, "despite the objection of the plaintiffs-appellants, charged the jury as follows" and then we find a quotation of three and a half pages of printed matter covering nearly everything the court said to the jury. The ground of appeal is inaccurate and defective. It is not the fact that the court charged the jury "despite the objection of the plaintiffs-appellants." An exception was put in the record at the normal time, i. e., after the court had charged the jury. Moreover, this ground of appeal may not be considered because it is an assignment of error directed not at what the court said to the jury but what appellants say should have been said. We gather from the argument in the brief that appellants contend that there was evidence in the case from which a breach of implied warranty might be found by a jury and the complaint seems to be that the court did not go into that element in the case. But this, it will readily be seen, is a complaint concerning what the court failed to say rather than what the court did say, and, of course, has no merit as an assignment of error. The quotation from the charge covers many legal propositions, no one of which is challenged as erroneous, the criticism being directed at an omission from the charge. *Cf. Benz v. Central Railroad of New Jersey*, 82 *N. J. L.* 197; *Drummond v. Hughes*, 91 *Id.* 563, 564.

Second, it is said that the trial court was in error in refusing to charge the first request offered by the plaintiffs as follows:

"1. That under the first count of this complaint, the plaintiff Kate Schlosser's right to recovery from the defendant and her husband David Schlosser's right to recovery is predicated on a breach of a warranty, express or implied, and if you find that the defendant herein was made known (*sic*) by the plaintiff Kate Schlosser, or someone acting for her, that the carbonated water or seltzer was required for the purpose of sale or consumption, and if it appears that the plaintiff Kate Schlosser relied on the seller's judgment and knowledge; and if that is so, it becomes, in law, an implied warranty that the seltzer or carbonated water shall be reasonably fit for such purpose, it being quite obvious that by reason of the defendant's business and knowledge of the plaintiff's business, the use of the carbonated water for consumption was required. *R. S.* 46:30-21, *subd.* 1, 2.

"The plaintiff Kate Schlosser's action is predicated upon, as I said before, a breach of warranty, express or implied, that the seltzer and carbonated water was of the quality and fitness for the particular purpose, namely, consumption. An implied warranty does not mean that the defendant expresses a representation or makes a statement with respect to the character of the merchandise sold. The law says that if the defendant knew, either from the plaintiff or someone else, the purpose for which the goods were required, and it appears that the plaintiff relied on the defendant's knowledge, skill or judgment, there becomes an implied warranty in law that the goods shall be reasonably fit for such purpose. *Cassini* v. *Curtis Candy Co.*, 113 *N. J. L.* 91."

There are several reasons for sustaining the court's action in refusing this request to charge. The request states (a) that the first count of the complaint is "predicated on breach of warranty." This is not quite the fact. That count also is grounded on negligence. The request contains an assumption contrary to fact. (b) Assuming that the first count was pleaded on breach of warranty alone, the request is still improper since the only person entitled to be considered for damages under such breach is the person who contracted with the vendor—in this instance Kate Schlosser—not her hus-

band—a non-contracting person. *R. S.* 46:30-21. Yet the request speaks of David Schlosser's right to recover for such breach of warranty. *Cf. Brumla* v. *Grand Union Co.,* 14 *N. J. Mis. R.* 751, 752; *Cassini* v. *Curtis Candy Co.,* 113 *N. J. L.* 91, 97; although anyone may have his action for negligence. *Cornelius* v. *Filippone & Co.,* 119 *Id.* 540, 541. The request, comprehending as it did, the husband's claim, was unsound legally. A request to charge, partly good and partly bad, may be rejected altogether. *Kemp* v. *Bright,* 104 *Id.* 529, 533.

Third. Under this point it is alleged that the court erroneously rejected the second (it should be the third) request to charge. This request is found wanting for the same reason as was the first request to charge. Some of its elements are sound—others not. No purpose is served by writing down the request. It covers almost two printed pages. One element in it, however, should be mentioned. It is to the effect that upon facts shown by the plaintiffs, from which negligence might be inferred, the defendant "has the burden of establishing by a preponderance of the evidence that the foreign matter or deleterious contents" of the water was not present because of lack of due care of the defendants. This, of course, is not the law. The plaintiff has the burden of proving his case and we think that no citation of authority is required for that fundamental proposition. Indeed the request to charge amounts to a request that the defendant had the burden of proving its freedom from negligence. *Kresse* v. *Metropolitan, &c.,* 111 *N. J. L.* 474.

Fourth. It is finally said that the court erred in its ruling on evidence. As to this, it is sufficient to say that while plaintiffs' attorney objected to the question asked of Mrs. Schlosser on cross-examination he gave no reason whatever for his objection and, consequently, takes nothing by this as a ground of appeal, even though an exception was noted. *Gluck* v. *Castles Ice Cream Co.,* 104 *N. J. L.* 397. It may not be amiss to say, however, that the question was competent, material and relevant, especially on the matter of contributory negligence which was pleaded as a defense.

The judgment is affirmed, with costs.