GILDA STAVE, AN INFANT, BY HER NEXT FRIENDS, FAY STAVE AND AARON STAVE, AND FAY STAVE AND AARON STAVE, INDIVIDUALLY, PLAINTIFFS-APPELLANTS, v. GIANT FOOD ARCADE, A CORPORATION OF THE STATE OF NEW JERSEY, ET AL., DEFENDANTS-RESPONDENTS.

Submitted October 1, 1940—Decided November 29, 1940.

Before Justices TRENCHARD, BODINE and PORTER.

For the plaintiffs-appellants, *David Cohn* and *Milton Goldinger*.

For the defendants-respondents, *Edwards, Smith & Dawson* (*Forrest S. Smith* and *Allen C. Mathias*).

BODINE, J. The appeal is from a verdict directed in favor of the defendant. The action was brought by the infant plaintiff in her right, and by her parents in their right, to recover damages suffered by reason of the infant plaintiff's illness, which the jury could have found resulted from drinking deleterious pineapple juice purchased in a sealed can at defendant's store under an implied warranty of fitness. *N. J. S. A.* 46:30-21. The purchase was made by the mother presumably, under agency from her husband, to provide the family table. The warranty ran to the purchaser and not to the minor child. *Brussels* v. *Grand Union Tea Co.,* 14 *N. J. Mis. R.* 751; *Schlosser* v. *Goldberg,* 123 *N. J. L.* 470; *Griffin,* v. *James Butler Grocery Co.,* 108 *Id.* 92.

This is not a case of enforcing a manufacturer's duty to exercise reasonable care towards the ultimate consumer as in *Cassini v. Curtis Candy Co.*, 113 *N. J. L.* 91. See, also, *Cornelius v. B. Filippone & Co.*, 119 *Id.* 540.

The parents, however, properly sued for damages suffered by them by reason of expenses incurred by them in and about the cure of their child by reason of the breach of the implied warranty of fitness. That presented a question for the jury under proper instruction. *Wolcott, Johnson & Co. v. Mount,* 36 *N. J. L.* 262; *affirmed,* 38 *Id.* 496.

Judgment is reversed.