24

Essex County Circuit Court.

GENERAL HOME IMPROVEMENT CO., A CORPORATION OF NEW JERSEY, AND JOSEPH EVANGELISTA, PLAINTIFFS, v. AMERICAN LADDER COMPANY, INC., A NEW JERSEY CORPORATION, AND NEWARK LADDER AND BRACKET SALES CO., INC., A NEW JERSEY CORPORATION, INDIVIDUALLY, SEVERALLY, JOINTLY AND IN THE ALTERNATIVE, DEFENDANTS.

Decided December 8, 1947.

For the plaintiffs, *Braff & Litvak.*

For the defendants, *Autenrieth & Worlendyke.*

SMITH, Jos. L., C. C. J.  This is a motion to strike the first twenty-one counts of the complaint on the ground that they are insufficient in law.  In general the complaint sets forth that the corporate plaintiff purchased a ladder from either or both of the defendants and that the individual plaintiff, an employee of the corporate plaintiff, was injured as the result of a fall while using the ladder when one of its rungs broke.

The corporate plaintiff seeks to recover damages for breach of implied and express warranties under the first six counts. The damages claimed are the sums of money which the corporate plaintiff was and is obliged to pay by virtue of an award made by the Workmen's Compensation Bureau in favor of the individual plaintiff as an employee.

*R. S.* 46:30–21, ¶ (1); *N. J. S. A.* 46:30–21, ¶ (1), provides: "Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

*R. S.* 46:30–21, ¶ (6); *N. J. S. A.* 46:30–21, ¶ (6), provides that an express warranty of condition does not negative a warranty or condition implied under this chapter unless inconsistent therewith.

For the purposes of this motion we will therefore treat the first six counts as one. The question raised by the motion to strike these six counts calls for a determination as to whether or not the seller of an article not inherently dangerous is liable for the damages incurred by the purchaser as the result of the injury sustained by the purchaser's employee while using the article for the purpose for which it was intended. Counsel and the court have not found a case precisely in point within this state. The general rule of law is that the consequential damages sustained on account of the buyer's responsibility for the injury to its employee are not too remote for recovery in an action upon warranty against the manufacturer and seller where the manufacturer and seller knew the use to which the buyer intended to put the purchased article. *London Guarantee and Accident Co.* v. *Strait Scale Co.,* 322 *Mo.* 502; 15 *S. W. Rep.* (*2d*) 766; 64 *A. L. R.* 936; *Mowbray* v. *Merryweather,* 2 *Q. B.* (*Eng.*) 640-C.A; *Boston Woven Hose and Rubber Co.* v. *Kendall,* 178 *Mass.* 232; 59 *N. E. Rep.* 657.

The damages were within the contemplation of both the buyer and the manufacturer and must be considered the natural result of the breach of warranty. *Dayton Power and Light Co.* v. *Westinghouse Electric and Manufacturing*

*Co.,* (*6th Cir.*) 287 *Fed. Rep.* 439. In *Cassini* v. *Curtis Candy Co.,* 113 *N. J. L.* 91 (at *p.* 97); 172 *Atl. Rep.* 519, 521, Mr. Justice Perskie said "there is a further basis of liability totally distinct from the theory of negligence. Liability for personal injuries may be predicated upon a breach of warranty, express or implied, quality and fitness for a particular purpose. So in the case of *Griffin* v. *James Butler Grocery Co., supra* [108 *N. J. L.* 92; 156 *Atl. Rep.* 636], suit was brought by the injured plaintiff against the vendor and retailer direct, who sold her a can of peaches which caused physical injury. The court sustained a recovery upon an implied warranty, relying upon section 15 of the Sales of Goods Act. 4 *Comp. Stat., p.* 4650, § 15 [*N. J. S. A.* 46 :30–21].

"In the last mentioned type of case, however, the warranty inures only for those whose benefit the goods were bought."

The question of whether or not the award of the Workmen's Compensation Bureau properly is a part of the recoverable damages of the corporate plaintiff remains. Damages must be such as the parties must have contemplated as the natural result of the breach of the contract under the special circumstances of the case. *Berg* v. *Rapid Motor Vehicle Co.,* 78 *N. J. L.* 724; 75 *Atl. Rep.* 933. In *Stave* v. *Giant Food Arcade,* 125 *N. J. L.* 512; 16 *Atl. Rep.* (*2d*) 460, recovery was denied for the physical injury suffered by a child who became ill as a result of drinking the contents of a can of pineapple juice, on the theory of warranty, where the purchaser was not the child. However, Mr. Justice Bodine said (125 *N. J. L.,* at *p.* 513; 16 *Atl. Rep.* (*2d*), at *p.* 460), "the parents however properly sued for damages suffered by reason of expenses incurred by them in and about the cure of their child by reason of the breach of the implied warranty of fitness. That presented a question for the jury under proper instruction."

The analogy between allowing the parents to recover on the theory of breach of warranty for the expenses incurred in effecting a cure of the child and in allowing a master to recover on the same theory for the expenses imposed on him by law in compensating the injured employee appears to be very strong. However, in the case of *Interstate Telephone*

*and Telegraph Co.* v. *Public Service Electric Co.*, 86 *N. J. L.* 26; 90 *Atl. Rep.* 1062, the employer was not permitted to recover from a tort feasor for the compensation paid to an employee who had been injured by the negligence of the tort feasor on the ground that the compensation paid could not be distinguished from the ordinary compensation called wages. Recovery was also denied in *Erie Railroad Co.* v. *Michelson,* 111 *N. J. Eq.* 541; 162 *Atl. Rep.* 764, and *New York, Susquehanna and Western Railroad Co.* v. *Huebschmann,* 109 *N. J. Eq.* 40; 156 *Atl. Rep.* 330, on the ground that there was no implied contract or agreement either in law or in equity that reimbursement to the insurance company would be made out of the judgment recovered against the third party wrong-doer. In *Newark Paving Co.* v. *Klotz,* 85 *N. J. L.* 432; 91 *Atl. Rep.* 91, the employer was held to have no right by way of subrogation to the claim of the workman against the tort feasor. It was only by statutory amendment that the right of reimbursement has been secured by the employer and the insurance company against the third party tort feasor.

These cases can be distinguished from the cause of action set forth by counts 1 through 6, in that they are all based on suits in tort for the negligence of third parties who caused personal injury to the employee. It is clear that at the common law only the injured party had the right to bring an action to recover damages. Here the suit is for breach of contract between the parties to the contract. The corporate plaintiff herein is not attempting to subrogate itself to the rights of its employee but is asserting its primary cause of action to recover the direct damages sustained by it by virtue of the defendants' breach of contract. Counts 1 through 6 are sufficient to set forth a cause of action in law and the motion to strike with respect to them is denied. The court, in deciding a motion to strike, must take as true all the allegations of the complaint which are well pleaded.

In so deciding this motion I am aware that the right of the corporate plaintiff to recover its alleged damages under our cases involves the question of whether the compensation was paid by the corporate plaintiff as employer or by its carrier. See *Standard Surety and Casualty Co.* v. *Murphy,* 129

*N. J. Eq.* 284; 19 *Atl. Rep.* (2d) 229; *Erie Railroad Co.* v. *Michelson, supra; Scheno Trucking Co., Inc.,* v. *Bickford,* 115 *N. J. Eq.* 380; 170 *Atl. Rep.* 881; *United States Casualty Co.* v. *Hyrne,* 117 *N. J. L.* 547; 189 *Atl. Rep.* 645; *Aetna Life Insurance Co.* v. *Moses,* 287 *U. S.* 530; 53 *S. Ct.* 231. This is a matter of proof and thus on the motion before the court the allegations of the first six counts must be held to set forth a cause of action sufficient in law and this court so holds.

Counts number 7 through 12 are based on the breach of implied and express warranties and they repeat the allegations of the first six counts with the exception that they do not allege by whom the ladder was purchased. These counts fail to set forth a cause of action sufficient in law. The only person entitled to be considered for damages under a breach of warranty is the person who contracted with the vendor. The alleged warranties arise out of contract and cannot be asserted against one with whom the plaintiff has had no contractual relations. *Schlosser* v. *Goldberg,* 123 *N. J. L.* 470; 9 *Atl. Rep.* (2d) 699; *Cornelius* v. *Filippone & Co.,* 119 *N. J. L.* 540; 197 *Atl. Rep.* 647. A warranty on the sale of personalty does not run with the property. *Diamond T. Motor Car Co.* v. *Eucker,* 10 *N. J. Mis. R.* 814; 160 *Atl. Rep.* 41. Counts 7 through 12 will be stricken.

Counts number 13 through 15 seek damages in behalf of the corporate plaintiff for the sums of money which the corporate plaintiff was obliged to pay under the award of the Compensation Bureau. These counts are based on negligence and by them the corporate plaintiff seeks to recover damages from the third party tort feasor apart from any contractual relation. The cause of action attempted to be asserted by these counts is a cause of action in tort for damages arising out of an injury to the person. The right to bring an action in the courts of this state is possessed by the injured person alone. *United States Casualty Co.* v. *Hyrne, supra.* Under the Workmen's Compensation Act, laws of 1911, chapter 95, *N. J. S. A.* 34:15–1, *et seq.,* where an employee was injured through the negligence of one not his employer, under such circumstances as to entitle him to compensation from his employer, the employer could not recover from the tort feasor

the compensation paid to the employee under the statute. *Inter-State Telephone and Telegraph Co.* v. *Public Service Electric Co.,* 86 *N. J. L.* 26; 90 *Atl. Rep.* 1062; *Erie Railroad Co.* v. *Michelson,* 111 *N. J. Eq.* 541; 162 *Atl. Rep.* 764. The legislature has amended the Compensation Act, from time to time, to provide for the reimbursement of the employer or insurance carrier where a third person or corporation is liable to the employee for an injury. The statutory conditions and procedures by which the employer may secure reimbursement are contained in *R. S.* 34:15–40; *N. J. S. A.* 34:15–40. At the common law the employer had no right of action. *United States Casualty Co.* v. *Hyrne, supra; Erie Railroad Co.* v. *Michelson, supra.* The statute, being in derogation of the common law, must be strictly construed. The corporate plaintiff has not brought itself within the provisions of *R. S.* 34:15–40; *N. J. S. A.* 34:15–40. The right of action of the plaintiff being statutory, the requirements of the statute must be strictly met. *Standard Surety and Casualty Co.* v. *Murphy, supra.*

The counts 13 through 15 will be stricken.

Counts 16 through 21 are based on the alleged breach of implied and express warranties made by the manufacturer and seller to the individual plaintiff. What has been said with regard to counts 7 through 12 is equally applicable here. These counts allege that the warranties were made to the general public or ultimate consumers. Warranties are based on contract and there is no allegation to the effect that the defendants or either of them had contracted with the individual plaintiff. The duty of a manufacturer to exercise reasonable care towards the ultimate consumer as in *Cassini* v. *Curtis Candy Co., supra,* and *Cornelius* v. *Filippone, supra,* is grounded on tort and not in contract. In *Tomlinson* v. *Armour,* 75 *N. J. L.* 748 (at *p.* 755); 70 *Atl. Rep,* 314 (at *p.* 316) Chancellor Pitney said, "In this state we have repeatedly held that where a duty arises solely out of a contract no one can bring an action for its breach unless he be a party to the contract or one for whose benefit it is made."

Counts 16 through 21 will be stricken.

An order may be presented in accordance with the foregoing.