25 N.J. Super. 330 (1953)
96 A.2d 415
JOSEPH DUNCAN, JR., AN INFANT BY CATHERINE DUNCAN AND JOSEPH DUNCAN, GUARDIANS AD LITEM, PLAINTIFFS-RESPONDENTS,
v.
NATHAN JUMAN, DEFENDANT-APPELLANT.
NATHAN JUMAN, PLAINTIFF-RESPONDENT,
v.
MADISON BAKING CO., INC., A NEW YORK CORPORATION, DEFENDANT, AND GEORGE SCHWARTZSTEIN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 22, 1952.
Decided January 14, 1953.
*331 Before Judges McGEEHAN, BIGELOW and JAYNE.
Mr. Irving Mandelbaum argued the cause for Nathan Juman as plaintiff-respondent and defendant-appellant.
Mr. John F. Leonard argued the cause for George Schwartzstein, defendant-appellant.
*332 Mr. Louis J. Greenberg argued the cause for plaintiffs-respondents Duncan (Mr. Samuel B. Weisenfeld, attorney).
The opinion of the court was delivered by JAYNE, J.A.D.
The two above-entitled interrelated actions were tried together in the Essex County District Court without a jury, and the trial resulted in the granting of judgments in favor of the plaintiffs in each. The appeals therefrom were consolidated for argument, hence it will be expedient to unite our conclusions in this memorandum.
The basic information upon which we pursue our review is supplied to us by a statement settled and approved by the trial judge pursuant to Rules 1:2-23, 4:2-6, and from it we derive the following epitome of the established facts.
On June 20, 1951, Mr. and Mrs. Joseph Duncan, the parents of Joseph Duncan, Jr., then about 13 or 14 years of age, visited in quest of food for the family the grocery and delicatessen store conducted by Nathan Juman. There Mrs. Duncan's reconnoitering observations came upon a carton or package containing a dozen cheese buns. Without consulting Mr. Duncan but evidently in furtherance of their joint mission, Mrs. Duncan purchased six of the buns. The following morning she served one of the buns to her son for breakfast. In eating it he injuriously encountered embedded in it a piece of wire about two or two and one-half inches in length.
An action was instituted by Mr. and Mrs. Duncan as the parents and guardians ad litem of their son to recover compensatory damages from the storekeeper, Juman, for the bodily injuries sustained by the son and for the consequential losses thereby incurred by them as parents. The alleged cause of action was based on an asserted breach by the defendant of an implied warranty of quality and fitness for human consumption. R.S. 46:30-21. The complaint appears to have been ultimately supplemented to allege that the "presence of said foreign substance in said cake was due to the carelessness and negligence of the defendant."
*333 Presumably in consequence of the institution of the action against him, Juman instituted an action in the same court against Madison Baking Co., Inc., and George Schwartzstein in which he alleged that the bun had been developed for sale by the Baking Company and sold to the plaintiff Juman by its agent or servant or independent distributor, Schwartzstein, in disregard of an implied warranty of its fitness for resale to the plaintiff's customers with resulting loss to him.
Before the trial it became evident that the Baking Company is a corporation of the State of New York from which Schwartzstein purchases his supplies in his independent business as a distributor of pastry products to retail merchants. The validity of the service of process upon the Baking Company was challenged, hence the alleged cause of action against it was voluntarily dismissed.
We quote the judgments as they appear in the appendix:
"1  Judgment in favor of Joseph Duncan, Jr. an infant by Catherine Duncan and Joseph Duncan, guardians ad litem on negligence as against the defendant, Nathan Juman, in the amount of $250.00.
2  Judgment in favor of Catherine Duncan and Joseph Duncan as parents of the infant Joseph Duncan, Jr. on the breach of warranty and negligence counts against the defendant, Nathan Juman, in the amount of $50.00.
3  Judgment in favor of Nathan Juman as against George Schwartzstein in the amount of $300.00 on the second suit."
We shall consider first the judgment rendered against the defendant Juman in favor of the infant plaintiff. A warranty is the creature of contract and the liability of a defendant for its breach cannot be asserted by one who has not had any contractual relations with him. The case of Stave v. Giant Food Arcade, 125 N.J.L. 512 (Sup. Ct. 1940) is comparable to the present one. Some other decisions sustaining the principle are Brussels v. Grand Union Co., 14 N.J. Misc. 751 (Sup. Ct. 1936); Cornelius v. B. Filippone & Co., Inc., 119 N.J.L. 540 (Sup. Ct. 1938); Schlosser v. Goldberg, 123 N.J.L. 470 (Sup. Ct. 1939). Cf. Cassini v. Curtis Candy Co., 113 N.J.L. 91 (Sup. Ct. 1934).
*334 The only evidence of negligence upon which the plaintiffs can rely is that earlier on June 20, 1951, the defendant Juman purchased from Schwartzstein three pasteboard boxes of the buns which boxes bore the name of Madison Baking Co., Inc. "He opened the boxes and displayed the same for sale. He did nothing to the pastry or boxes, and sold the items in the same condition as he purchased them. Mrs. Duncan purchased certain items, amongst which she selected six pastry buns from the box." So reads the statement of the evidence.
Here the defendant Juman was in no respect implicated in making the bun, nor did he offer it for sale as his product. The law imposed no paradoxical duty upon him inquisitively to pre-explore the interiors of the buns. The pertinent rule of law was enunciated by our former Supreme Court in Lipari v. National Grocery Co., 120 N.J.L. 97 (1938). That decision is applicable to the factual situation of the present case. The judgment in favor of the infant plaintiff, Joseph Duncan, Jr., is accordingly reversed.
It follows that the judgment in favor of the parents cannot be supported by any proof of the liability of the defendant in tort. Assuming that the court resolved that in the circumstances Mr. and Mrs. Duncan were joint purchasers, they were entitled to ground their cause of action upon the alleged breach of warranty. Stave v. Giant Food Arcade, supra.
There was no proof of the amount paid for the bun, but there was evidence that an expense of $15 was incurred for the medical treatment of the son, for which obligation the parents should be reimbursed. Hadley v. Baxendale, 9 Exchq. R. 341. The judgment in favor of the parents is reduced to $15.
Since the only proven loss incurred by Juman is measured by his liability to Mr. and Mrs. Duncan, his judgment against Schwartzstein is accordingly reduced to $15.
The mandates will issue in the respective appeals in conformity with these conclusions. No costs.