DAVID M. CHAMBERLAIN ET AL. *v.* NATIONAL DAIRY PRODUCTS COMPANY, INC., ET AL.

COURT OF COMMON PLEAS     NEW HAVEN COUNTY     FILE No. 46480

Memorandum filed April 6, 1953.

*Nelson Harris,* of New Haven, for the Plaintiffs.

*Anthony I. Wells,* of New Haven, for the Defendants.

FITZGERALD, J.  The trial of the above case commenced before the jury on the morning of March 10, 1953.  An hour later the plaintiffs concluded their offers of proof.  The defendants then moved for a judgment of nonsuit on the grounds that the plaintiffs had not made out a prima facie case in negligence or breach of any implied warranty.

It had been made to appear that the alleged purchase of the baby formula in question was by the

plaintiff mother in Newark, New Jersey, at a drugstore operated by the Rexall chain of stores; that the formula so purchased was an infant food product in liquid form (to be mixed with water) and contained in a sealed can bearing the name Formulac; that the can had printed thereon the statement that it was "distributed by" the two defendants; and that the subject of purchase was intended for and in part consumed by the plaintiff infant after dilution by the plaintiff parents pursuant to directions contained on the can.

The child was born April 10, 1951, and the alleged purchase was less than two months later. The parents claim to have given their baby three feedings extending over two days from the contents of the can, and that sometime following each feeding the baby became nauseated as evidenced by a sick stomach. So it is in this action the plaintiff infant is seeking to recover damages for resulting illness alleged to have been caused by a consumption of the product, and the plaintiff parents damages for loss of sleep, worry, etc., alleged to have been caused them as a result of their baby's illness.

The court recognized that the law of the state of New Jersey was necessarily involved since the alleged purchase and the claimed wrong transpired in that jurisdiction. In the absence of the jury Mr. Harris, counsel for the plaintiffs, was asked for his citations on the law. It developed that such had been removed from his file. Opportunity was afforded him to go to the law library in the building and try to ascertain whether the law of New Jersey on the general subject of the case was any different from the law of Connecticut. Such citations as Mr. Harris uncovered in the course of an hour did not appear to disclose any marked differences in this respect between the two jurisdictions.

The court concluded that the plaintiffs had not made out a case for the consideration of the jury. It suggested to the defendants' counsel, however, that a motion for a directed verdict would be more efficacious than a motion for nonsuit. The latter motion was withdrawn and the suggested motion made in lieu thereof, and granted.

As stated to the jury, the verdict was directed on two grounds: (1) The defendants could not be held liable on the theory of breach of any warranty as it had not been made to appear that they sold the product to the plaintiffs, or any of them; (2) the defendants could not be held liable on the theory of negligence as it had not been made to appear that they manufactured the product.

A closer inspection of the "Amended and Substituted Complaint," upon which the case went to trial, discloses that the sole theory of recovery invoked by the plaintiffs was that of negligence and not breach of any warranty, implied or otherwise. Hence the propriety of the direction is on even more limited grounds than that stated as the dual basis thereof. However, in view of a further ground discussed hereinafter, an alleged breach of warranty would not affect the result.

In urging that the verdict as directed be set aside, the plaintiffs now cite the New Jersey case of *Slavin* v. *Francis H. Leggett & Co.*, 114 N.J.L. 421, 423, which in turn adopts the rule laid down in the Connecticut case of *Burkhardt* v. *Armour & Co.*, 115 Conn. 249, 264, regarding the liability of one in the field of negligence under certain circumstances who puts out as his own product a product manufactured by another.

Assuming without conceding that the court may have taken a too narrow view in withdrawing the case from the jury on the second ground for the sole reason stated, there is another aspect in the nature

of a further ground which cannot be ignored. As already noted, the plaintiff infant was less than two months old at the time of the alleged episode. It was then a mere baby. The account given of his illness by his parents did not differ in description from those periodic spells of upset stomachs common to babyhood the world over. The parents testified that they had brought the baby to three different doctors for examination. Not one of these doctors was offered as a medical witness. Yet one of these doctors, a Dr. Virginia Wuerthele, was present in court, sat with the parents, was referred to by them in their testimony, and was not called by them as a medical witness. It was this doctor to whom the baby was first brought for medical treatment by the parents. Surely this aspect is of prime importance. As presented, the plaintiffs' offers of proof were totally lacking in any supporting medical evidence from a causal standpoint. It was incumbent upon them to attempt to show, medically speaking, a connection between the illness of the baby and the product consumed. While this ground was not advanced by the court at the time of the direction, it is a substantial one and should have been so advanced. It enters vitally into the situation as a whole. In the absence of at least a modicum of medical evidence, the jury would have been left entirely with conjecture on the question of causation, an essential part of the plaintiff's case.

"While the direction of a verdict is not favored, it is justified if upon the evidence the jury could not reasonably and legally have reached any other conclusion than that embodied in the verdict as rendered; *Bernardo* v. *Hoffman,* 109 Conn. 158, 159, 145 A. 884; and if, had the verdict been rendered for the other party, the evidence was so weak that it would be proper for the court to set it aside. *Currie* v. *Consolidated Ry. Co.,* 81 Conn. 383, 388. . . ." *Mott* v. *Hillman,* 133 Conn. 552, 555.

The motion to set aside the verdict is denied.