31 N.J. Super. 117 (1954)
105 A.2d 877
RUTH SIMON, PLAINTIFF-RESPONDENT,
v.
GRAHAM BAKERY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1954.
Decided June 9, 1954.
*119 Before Judges CLAPP, SMALLEY and SCHETTINO.
Mr. John F. Leonard argued the cause for defendant-appellant.
Mr. Isadore Waks argued the cause for plaintiff-respondent.
The opinion of the court was delivered by SMALLEY, J.S.C. (temporarily assigned).
Plaintiff brought her action in the Passaic County District Court before a jury for injuries allegedly sustained when she bit into a piece of bread made by the defendant and purchased from it. There was a verdict of $325 for the plaintiff and defendant appeals.
No court reporter being present, a statement settled and approved by the trial judge supplied the facts upon which this court bases its review. At the time of the trial counsel announced that he was relying solely upon the breach of implied warranty and any theory of negligence was abandoned.
It appears that on May 11, 1952 plaintiff went to a bakery store operated by the defendant and purchased a loaf of bread and paid the price therefor of 20 cents. After the purchase she took the bread home, wrapped it up and cut it for the *120 first time four days later. She bit into the first slice and felt a sharp pain in her mouth and a salty taste. Removing the bread from her mouth, she found a piece of glass embedded in the bread. There was testimony that she required certain medical attention by reason of the cuts to her mouth and tongue.
Defendant's main contention is that when it attempted to produce witnesses to describe the method of procedure used in the preparation and manufacture of its bread, the trial court sustained the objection of plaintiff on the theory that the action was based on a breach of implied warranty, that the bread was sold by the defendant as fit for human consumption, and that the action was not based on negligence, and consequently such testimony as to the method or care used by the defendant in its preparation of making the bread was irrelevant.
Defendant's counsel made an offer of proof that there were three other employees of the defendant in court, who were prepared to testify as to the method used by the defendant bakery in the preparation and manufacture of its product. Such proffered testimony, on objection, was excluded.
We agree with plaintiff and we think the defendant is in accord that here is an instance of an implied warranty that the bread would be fit for consumption, N.J.S.A. 46:30-21 (1), and that a piece of glass in a loaf or piece of the bread constitutes a breach of that implied warranty. See Duncan v. Juman, 25 N.J. Super. 330 (App. Div. 1953). But the defendant contends that where, as here, a plaintiff buys a loaf of bread, takes it home, keeps it four days, then cuts it and bites into a slice, and alleges that she finds a piece of glass and sustained injuries, that the defendant should be permitted to show by competent testimony how it makes and prepares its product so a jury can determine after a hearing of all of the testimony, if, in fact, the plaintiff has carried the burden of establishing liability upon the part of the defendant.
It may be that the fact that the defendant is both manufacturer and retailer of the product presents an even more *121 troublesome problem than is usually encountered in such instances, but that is of little comfort to the defendant.
It is admitted that if the suit were brought on the theory of negligence, that then such testimony as the defendant offered would indeed be admissible.
Assume that this particular loaf of bread did contain a piece of glass and Mrs. Simon's four-year-old child, if she had one, bit into the bread and was similarly injured, he could not recover under the theory of implied warranty, because as said in Duncan v. Juman, supra:
"A warranty is the creature of the contract and the liability of a defendant for its breach cannot be asserted by one who has not had any contractual relations with him."
Brussels v. Grand Union Co., 14 N.J. Misc. 751 (Sup. Ct. 1936); Cornelius v. Filippone & Co., Inc., 119 N.J.L. 540 (Sup. Ct. 1938); Schlosser v. Goldberg, 123 N.J.L. 470 (Sup. Ct. 1939). Cf. Cassini v. Curtis Candy Co., 113 N.J.L. 91 (Sup. Ct. 1934).
Assume further, on the other hand, that if Mrs. Simon sent her daughter to the same store, bought the same loaf of bread, and Mrs. Simon bit into the bread, she could bring her suit under the implied warranty because it could be spelled out that her daughter was her agent.
Assume, again, that the defendant's president and employees could have testified that no glass could ever get into the baked product, that every ingredient is sifted and that every bit of glass, such as windows and electric light fixtures, are covered by the finest of mesh screens, might not a jury have determined that during the four days that this loaf of bread was in plaintiff's home that a piece of glass might have found its way into the bread there, rather than in the preparation and making of the article by the defendant? The defendant, of course, agrees that this loaf of bread carried with it, just as if it were printed on a wrapper, that it was fit for human consumption. It further agrees that those engaged in the business of preparing and baking and furnishing food for consumption are required to use reasonable care with *122 respect to its fitness. DeGroat v. Ward Baking Co., 102 N.J.L. 188 (E. & A. 1925); Cassini v. Curtis Candy Co., 113 N.J.L. 91 (Sup. Ct., 1934); Amabile v. Kramps, 121 N.J.L. 219 (Sup. Ct. 1938); Danker v. Fischer Baking Co., 5 N.J. Super. 248 (App. Div. 1949).
The complaint as filed in the district court is not lengthy and is here set forth.

"COMPLAINT

(Filed  July 2, 1953)
Plaintiff, residing at 97 12th Avenue, Paterson, New Jersey, complaining of the defendant says that:
1. On May 11, 1952, defendant owned a bakery at 229 Graham Avenue, Paterson, New Jersey wherein it manufactured and sold baked goods including bread.
2. On the said date, plaintiff purchased a loaf of bread from the defendant at its aforesaid bakery and paid the requisite price therefor, making such purchase for the purpose of having said bread consumed by herself and her parents.
3. In the course of eating a portion of said bread, plaintiff bit into glass contained therein which glass cut the plaintiff upon her tongue and in her mouth.
4. As a result thereof the plaintiff was injured and required medical treatment in order to effect her heal and cure.
WHEREFORE, Plaintiff demands $500.00 damages of the defendant."
On the morning of the trial plaintiff's counsel then announced that any theory of negligence was abandoned and that plaintiff would proceed on the theory of a breach of an implied warranty. The defendant then, in this instance, is prevented from adequately defending its case and, except on cross-examination, it is not, of course, in a position to prove what happened to the bread when it left its place of business. If plaintiff's attorney had said, we proceed on the theory of negligence, then defendant's employees could testify as to the manner of the manufacture and preparation of the bread, but if counsel says, we proceed on the theory of breach of implied warranty, then the president and the employees must sit and twiddle their thumbs. We have heard, and rightly so, that the trial of a law suit is not a game of wits. We see some merit in defendant's contention that it should have been given an opportunity to present its proof concerning *123 the making and preparation of its bread, regardless of whether the plaintiff elected to proceed on the theory of negligence or breach of implied warranty. However, due to the general terms of the complaint and the absence of pretrial procedure at the county district court level, the defendant did not foresee whether plaintiff's case would sound in contract or tort. By making an improvident guess and assuming negligence would be the gravamen of the action, defendant was prepared to show an exercise of due care and possibly be absolved of liability. This defense was not allowed as plaintiff proceeded in contract and the breach of an implied warranty, where due care is not an element nor a defense.
As above indicated, circumstances, quite immaterial from a practical viewpoint, will render a processor of food liable to one member of the family only on the theory of negligence and to another member both for negligence and in warranty. The theory of warranty increases, in a manner, the measure of the processor's responsibility beyond that to which he would be held on the theory of negligence; his liability on such a theory is that of one who contracts that the product is fit  the defendant chooses to call it the liability of an insurer. However, these are matters deeply embedded in the law; to remedy them is the function of the Legislature, not the judiciary. Hawkes v. Gates, 129 N.J.L. 5, 11 (Sup. Ct. 1942); Island Heights, etc., Co. v. Brooks & Brooks Corp., 88 N.J.L. 613, 616 (E. & A. 1916).
Defendant further contends that the charge of the trial judge was erroneous, in that the court read N.J.S.A. 46:30-21 (1) but neglected to qualify the act; defendant apparently desired the court to charge that failure to comply with the statute would not be per se a lack of reasonable care but merely a factor which may be referred to in considering all other facts and circumstances.
We do not understand this to be a correct exposition of the law, and furthermore, no such request was made and no objection taken to the court's charge. Accordingly, the *124 appellants may not assert such grounds of error on appeal. R.R. 4:52-1.
As to the point lastly raised that the trial judge erred in refusing to grant a new trial, our determination that the proffered testimony of due care in the manufacturing of the article was properly excluded, necessarily requires a denial.
Affirmed.