COCA-COLA BOTTLING COMPANY OF SOUTHEAST ARKANSAS v. MOONEY.

4-6751                                        161 S. W. 2d 753

Opinion delivered May 11, 1942.

*Ed F. McDonald* and *Rowell, Rowell & Dickey*, for appellant.

*W. H. Glover* and *D. D. Glover*, for appellee.

SMITH, J. Appellee recovered a judgment for $500 to compensate an injury which, according to the testimony offered in her behalf, was occasioned by drinking a part of a bottle of Coca-Cola in which there were particles of chipped glass.

Several errors are assigned and discussed for the reversal of this judgment; but only one of these appears

to be of importance. This assignment relates to the giving of an instruction numbered 7, which reads as follows: "If you find from a preponderance of the evidence in this case that the said Carmon Mooney drank the Coca-Cola as alleged, and that there was glass in said Coca-Cola as alleged, and that she became sick or injured by reason of having drunk and swallowed said glass, or cut her mouth, as alleged, then you are instructed that this evidence is sufficient to make a *prima facie* case of negligence against the defendant company, and shifts the burden of proof on the defendant company to prove that it was not negligent in cleansing, refilling and inspecting the bottle, and if you find that the most modern machinery was used in the cleansing and refilling and inspecting the bottle this is not sufficient alone to meet the burden of proof cast upon the defendant company and overcome the *prima facie* case."

We have recently condemned similar instructions as constituting a charge upon the weight to be given testimony. The instruction told the jury that the presence of glass in the bottle made a *prima facie* case of negligence and shifted the burden of proof on the defendant. Numerous cases have approved instructions to that effect. But the instruction proceeds to say that proof of the use of the most modern machinery in cleansing, refilling and inspecting the bottles is not sufficient alone to meet the burden of proof cast upon the defendant and overcome the *prima facie* case.

This, we think, was a question of fact for the jury, and not one of law for the court.

In condemning a similar instruction in the recent case of *Coca-Cola Bottling Company of Southeast Arkansas* v. *Bell,* 194 Ark. 671, 109 S. W. 2d 115, we said: "This instruction declares as a matter of law what should have been submitted to the jury as a question of fact, that is, whether the testimony as to the care used by the manufacturer had overcome the *prima facie* presumption arising from the presence of the fly in the bottle. This instruction tells the jury as a matter of law that this testimony as to care in bottling and inspecting 'is not alone

sufficient to meet the burden of proof cast upon the defendant and overcome the *prima facie* case.' It was for the jury to find, and not for the court to say, whether the testimony had overcome the *prima facie* case of negligence arising from the presence of the fly in the bottle."

For the error in not permitting the jury to decide the question of fact whether the testimony offered by defendant had overcome this presumption the judgment must be reversed, and the cause remanded for a new trial, and it is so ordered.