COCA-COLA BOTTLING COMPANY OF FORT SMITH
v. REEVES.

4-8131                                          200 S. W. 2d 811

Opinion delivered April 7, 1947.

*Pryor, Pryor & Dobbs,* for appellant.

*Partain, Agee & Partain,* for appellee.

ED. F. MCFADDIN, Justice. Appellee, Mrs. Ruby Reeves, was plaintiff in the circuit court. She claimed that she drank a Coca-Cola bottled by appellant, and that the bottled drink contained small particles of glass, some

of which she swallowed, and which caused her to suffer pain, discomfort, injuries and loss of time from her work. She recovered judgment for $500; and appellant brings this appeal. Two questions are argued, which we list and discuss.

I. *The Sufficiency of the Evidence.* The appellant says: "There is a total failure to prove, either by direct or circumstantial evidence, that the plaintiff in this case swallowed any particle of glass, or that her condition was the result of swallowing any glass." This quoted contention necessitates a review of some of the evidence. Appellee was a lady living near Mulberry. On March 5, 1946, she purchased a bottle of Coca-Cola at the store of Jack Jordan. The cap was removed by the clerk, and the bottle handed to the appellee, and she drank all of the contents except about "two good swallows." Then, as she continued to drink the remaining contents, she felt a glass particle in her mouth, which particle, she claimed, came out of the bottle. She removed the glass particle from her mouth, and showed it to several people in the store. Some of these witnesses saw other glass particles remaining in the bottle. The exact statement by Mrs. Reeves on cross-examination was: "I had drunk all but about that much, and I was going to make two good swallows out of the rest. I took a good swallow, and a little sliver stuck in the roof of my mouth, I pulled that out." Appellee immediately consulted a physician, who examined the glass in the bottle, and prescribed for Mrs. Reeves. At the trial, the bottle, with the remaining glass particles therein, was exhibited to the jury.

It is urged by appellant that Mrs. Reeves did not testify that she swallowed any of the Coca-Cola after she felt the glass in her mouth, and therefore—appellant argues—there is no proof that Mrs. Reeves ever swallowed any glass. But we cannot agree with appellant's contention, because the evidence made a question for the jury. Mrs. Reeves testified that she drank all of the contents of the bottle except "two good swallows." If the evidence had stopped at that point, then appellant would

454

have had a much stronger case. But the evidence shows that Mrs. Reeves immediately called a doctor, and told him that she had swallowed glass. He examined the glass remaining in the bottle, and prescribed for her a diet for one who might have swallowed glass. Her suffering took the same pattern and exhibited the same symptoms as the doctor said one would experience who had swallowed glass. She testified that she had never been ill previously; that she became ill, and suffered severe pain, passed blood; experienced loss of considerable weight; and was some time recovering from her illness and regaining her weight. The doctor's testimony, in effect, was that medical experience would support the inference that the pains and attending symptoms were the result of swallowing glass.

All of this testimony, when placed before the jury, presented a factual question as to whether appellee swallowed any of the glass from the bottle before she discovered the particle of glass in her mouth. The jury's verdict settled this factual issue; and we have sketched only enough of the testimony to demonstrate that there was sufficient evidence to sustain the verdict. In this connection, we call attention to the following cases, each of which involved injuries alleged to have been caused by a party drinking glass particles, alleged to have been contained in a bottled beverage, to-wit: *Coca-Cola Bottling Co.* v. *Raymond,* 193 Ark. 419, 100 S. W. 2d 963; *Coca-Cola Bottling Co.* v. *Massey,* 193 Ark. 423, 100 S. W. 2d 681; *Coca-Cola Bottling Co.* v. *Langston,* 198 Ark. 59, 127 S. W. 2d 263; *Coca-Cola Bottling Co.* v. *Spurlin,* 199 Ark. 126, 132 S. W. 2d 828; *Coca-Cola Bottling Co.* v. *Mooney,* 204 Ark. 281, 161 S. W. 2d 753.

II. *Excessiveness of the Verdict.* The plaintiff suffered considerable pain, and passed some blood. She was confined to her bed for three weeks, and temporarily lost considerable weight. She was treated by a doctor for ten days, and paid $18 for medical attention. It was six weeks before she was able to return to her work, and her loss of earnings during that period exceeded $100. From

these facts, we cannot say that the $500 verdict was so grossly excessive as to shock the conscience and call for a remittitur. The five cases heretofore cited in this opinion, and the cases cited therein, indicate the course that this court has charted and pursued as regards verdicts in such situations. Affirmed.