### NICHOLS et al. v. CONTINENTAL BAKING CO.

Circuit Court of Appeals, Third Circuit.
August 1, 1929.

No. 4044.

Feder & Rinzler and Jack Rinzler, all of Passaic, N. J., for appellants.

Harley, Cox & Walburg, of Newark, N. J. (Harry E. Walburg, of Newark, N. J., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In this case Andrew Nichols and his wife, citizens of New Jersey, brought suit to recover from the defendant, a corporate citizen of Delaware, damages for its alleged negligence. Such negligence consisted in the baking of a loaf of bread containing a cockroach, which loaf was furnished to one of its store customers, and by the store sold to Mrs. Nichols. The proof was that, on biting into a slice of the loaf, Mrs. Nichols bit into a cockroach incrusted therein. The further uncontradicted proof was that the defendant was engaged in baking bread for public sale; that its daily product was from 15,000 to 16,000 loaves; that the flour, yeast, sugar, salt, milk, and lard used in making the bread were bought from reputable firms, were of high grade, came in containers, and were not in storage more than two weeks; that from such containers proper proportions of the ingredients were scaled or weighed and emptied direct into smaller containers, and that their practice was up to the standard of such bakeries; that two inspections were made, one by the stock clerk when he delivered the ingredients to the mixing room, the other by the scale clerk when he weighed them; that in addition thereto the ingredients are all tested in the laboratory; that the factory was regularly inspected, and that during the five years the manager had been employed by the company, no cockroaches had been seen in the factory, and no complaints had been received by any one that there were roaches about the plant; that the factory has no cellar, and as a preventive against bugs, cockroaches, etc., a destructive substance is applied two or three times a week all around the outside of the building and in the inside around the sinks.

Such being the undisputed facts, the court held there was no evidence of negli-

142

gence to submit to the jury and gave binding instructions for the defendant. In so doing, and applying in principle the decision of this court in Horn & Hardart Baking Co. v. Lieber, 25 F.(2d) 449, 450, the trial judge committed no error, for here, as in the cited case, to hold the defendant guilty of negligence would have been "to base a verdict on speculation instead of the solid basis of proven negligence."

Its judgment is therefore affirmed.