WHITETHORN, Respondent, v. NASH-FINCH
COMPANY, Appellant

(293 N. W. 859.)

(File No. 8310.   Opinion filed September 24, 1940.)

**Bailey, Voorhees, Woods & Bottum** and **Roswell Bottum,** all of Sioux Falls, for Appellant.

**J. H. Lammers,** of Madison, for Respondent.

RUDOLPH, J.   Plaintiff in this action seeks to recover damages from the defendants, Nash-Finch Company and Lyle E. Jensen.   The defendant, Nash-Finch Company, demurred (prior to the enactment of SDC 33.0902) to the complaint, which demurrer was overruled and the Nash-Finch Company has appealed.

Plaintiff seeks to hold both defendants for damages she has allegedly suffered by reason of eating poisoned candy which she obtained from the defendant, Lyle E. Jensen. The complaint discloses that Lyle E. Jensen operates a retail store and purchased the candy in question from Nash-Finch Company.   Paragraphs 5, 6, and 7 of the complaint are as follows:

"5.   That on or about the 18th day of February, 1938, the defendant, Nash-Finch Company, sold, distributed, packed and transported from its office and place of business at Sioux Falls, South Dakota, to the defendant at his place of business at Oldham, South Dakota, a certain quantity of candy known and· designated as 'mixed special'; that said candy was sold, packed, distributed and transported by the said defendant, Nash-Finch Company, in a pasteboard carton and that the said defendant, Nash-Finch Company, was careless and negligent in the selling, distributing, packing and transportation of said candy, in that said candy was not securely protected from dirt, dust and other foreign and injurious contamination, and that in the process of selling, distribution, packing and transportation of said candy, the same was subject to contamination by dust, dirt and other foreign and injurious substances.

"6. That in addition to the foregoing facts, conditions and circumstances, the said candy was warranted by the said defendant, Nash-Finch Company, as pure and uncontaminated and unadulterated, and that it was sold as candy and packed, distributed and transported to the defendant, Lyle E. Jensen, for the purpose of resale by the said defendant, Lyle E. Jensen, to the public and that at the time said candy was sold, distributed, packed and transported by the said defendant, Nash-Finch Company, to the said defendant Lyle E. Jensen, the said defendant, Nash-Finch Company, knew that such candy would be resold and redistributed to the public at retail by the defendant, Lyle E. Jensen.

"7. That the said candy hereinbefore described was not pure and not free from contamination and that the carton containing the said candy, as well as the candy and sold, distributed, packed and transported by the said defendant, Nash-Finch Company, to the said defendant, Lyle E. Jensen, at Oldham, South Dakota, was in truth and in fact contaminated and did contain in the granulated sugar and dust sweepings of the interior of said carton, strychnine, either in the form of the alkaloid or some common commerial salt thereof, and that there was sufficient quantity of strychnine therein contained to cause a definite contamination of the surface of the candy for which the carton was used as a shipping container, and that when said candy was received by the defendant, Lyle E. Jensen, at Oldham, South Dakota, and delivered to the said defendant, Lyle E. Jensen, by the said defendant, Nash-Finch Company, it was in the contaminated condition hereinbefore set forth and described."

The principal question involved upon this appeal is the liability of the Nash-Finch Company under the facts alleged.

■■■ "Although differing in their reasoning, it is generally agreed by the authorities that a manufacturer, packer, or bottler of foods or beverages is directly liable to a consumer for an injury caused by the unwholesomeness or unfitness of such articles, although purchased from a dealer or middleman and not from such manufacturer, bottler, or packer." 26 C.J. 785. Cf., Annotations, 17 A.L.R. 672; 39

A.L.R. 992; 63 A.L.R. 340; 88 A.L.R. 530; 105 A.L.R. 1502; 111 A.L.R. 1239. According to one line of cases the liability is said to arise from an implied warranty. Coca-Cola Bottling Works v. Lyons, 145 Miss. 876, 111 So. 305; Davis v. Van Camp Packing Company, 189 Iowa 775, 176 N. W. 382, 7 A.L.R. 649. But most courts in the absence of direct contractual relations deny liability upon the ground of implied warranty. We are inclined to the view that lacking representation to the public in the form of advertisements, labels, or other similar forms, there is no warranty to a subpurchaser upon which to predicate liability. Pelletier v. Dupont, 124 Me. 269, 128 A. 186, 39 A.L.R. 972; Crigger v. Coca-Cola Bottling Company, 132 Tenn. 545, 179 S. W. 155, L.R.A. 1916B, 877, Ann. Cas. 1917B, 572. We accept as better reasoning the line of cases which place the liability upon negligence. Again, however, the authorities are not agreed upon what constitutes a sufficient allegation of negligence, or what constitutes sufficient evidence to take the case to a jury. Some courts hold that mere presence of impurities in food is not evidence of negligence. Swenson v. Purity Baking Company, 183 Minn. 289, 236 . N. W. 310; Nichols et al v. Continental Baking Company, 3 Cir., 34 F. 2d 141. Others hold that such presence does give rise to an inference of negligence. Norfolk Coca-Cola Bottling Works v. Krausse et al., 162 Va. 107, 173 S. E. 497; Kroger Grocery & Baking Company v. Schneider, 249 Ky. 261, 60 S. W.2d 594; O'Brien v. Louis K. Liggett Company, 282 Mass. 438, 185 N. E. 28; Minutilla v. Providence Ice Cream Company, 50 R. I. 43, 144 A. 884, 63 A.L.R. 334. See, also, Annotations, 4 A.L.R. 1559; 47 A.L.R. 148; 105 A.L.R. 1039. The cases holding that the presence of impurities raises an inference of negligence reason that ordinarily impurities would not without negligence be found in food; that the specific facts which constitute the negligence being particularly within the knowledge of the manufacturer or packer, and not within the knowledge of the consumer, it follows there should arise from the mere presence of impurities this inference of negligence. This reasoning with respect to food is in accord with the settled rule that negligence may be set forth in

general terms, where the specific facts are more largely within the knowledge of the defendant. Roster v. Inter-State Power Company, 58 S. D. 521, 237 N. W. 738. So, while we accept the rule that negligence is the basis of liability, we are further of the opinion that justice will be more nearly accomplished by also accepting that rule, which seems to be in line with the holding of this court in the Roster v. Inter-State Power Company case, to the effect that, in an action by the consumer against the manufacturer or packer, an inference of negligence does arise from the mere presence of impurities in food, when such impurities would not ordinarily appear without the negligence of the manu-facturer, if the action is against the manufacturer, or the packer, if the action is against the packer.

■ In viewing the complaint in the light of the above conclusions, we are of the opinion that this complaint states a cause of action in negligence against the Nash-Finch Com-pany. It is alleged that this company packed this candy, and that in the box in which the candy was packed was found the impurity in the form of strychnine, which con-taminated the candy and caused the alleged damage. We are of the opinion that, under the rule announced, this is a sufficient allegation of negligence.

■ Appellant further contends that the complaint is demurrable because two causes of action against two dif-ferent defendants have been improperly joined. With this contention we must agree. It is clear that the cause of action stated against the Nash-Finch Company is one based upon a tort. If the cause of action against the defendant, Lyle E. Jensen, is a cause of action based upon a contract, there is an improper joinder under the rule announced in the case of Common School District v. Inch et al., 56 S. D. 502, 229 N. W. 380. If, on the other hand, the cause of action stated against Jensen is a cause of action in tort, there is an improper joinder under the rule announced in Northern Finance Corporation v. Midwest Commercial Credit Company, 59 S. D. 282, 239 N. W. 242.

The order appealed from is reversed.

SMITH, P.J., and ROBERTS, J., concur.

WARREN, J., concurs specially.

POLLEY, J., not sitting.

WARREN, J., (concurring specially). I agree to the reversal of the order entered by the Circuit Court overruling the demurrer. My reasons are based on the absence of allegations to the effect that respondent relied upon it as to skill or judgment. The pleadings are not sufficient to charge the appellant with implied warranty, and we must therefore assume that there is no liability of the appellant. There is no language in the complaint showing any contractual relationship between the respondent and appellant. Appellant therefore must be regarded as a mere stranger as there is not privity of contract between respondent and appellant. Gearing v. Berkson, 223 Mass. 257, 111 N. E. 785, L.R.A. 1916D, 1006; Nelson v. Armour Packing Co., 76 Ark. 352, 90 S. W. 288, 6 Ann. Cas. 237.

See Theresa Pelletier v. Philip Dupont, 124 Me. 269, 128 A. 186, 39 A.L.R. 972, as to implied warranties relating to manufacturer of food products running to the consumers who purchase from the middleman. SDC 54.0115 on implied warranties seems pertinent, and see Thomason v. Ballard & Ballard Co., 208 N. C. 1, 179 S. E. 30, 32; Karger v. Armour & Co., D.C., 17 F. Supp. 484; Cf. Minutilla v. Providence Ice Cream Company, 50 R. I. 43, 144 A. 884, 63 A.L.R. 334; Birmingham Chero-Cola Bottling Co. v. Clark, 205 Ala. 678, 89 So. 64, 17 A.L.R. 667.

The complaint does not state a cause of action based on negligence in the absence of an allegation or its equivalent, that the supposed negligent acts on the part of the appellant were the proximate cause of the injury to the respondent which by the weight of authority seems necessary to constitute good pleading. Sophie Ketterer v. Armour & Company, 2 Cir., 247 F. 921, L.R.A. 1918D, 798; 21 R.C.L. 499, § 64; Secs. 2037 and 2038, pp. 3534-3537, 4 Bancroft's Code Pleading; 2 Bancroft's Code Pleading Practice and Remedies, 965, § 2044; and Linney v. Chicago, M., St. P. & P. R. R. Co., 94 Mont. 229, 21 P.2d 1101.

In the case at bar it seems that it would place an undue hardship upon the packer to examine the candy for poisonous substances as it occupies a position between the manufacturer of the candy and is purely an intermediary. Clearly she ought to plead some grounds of neglect of duty or negligence in permitting the poisonous substance to contaminate the candy. This, in my opinion, she has not done. "It should appear in what respects the defendant was negligent, and that such negligence had causal connection with plaintiff's injury." Simons et al. v. Pacific Gas & Electric Co., 64 Cal. App. 74, 220 P. 425, 426.

For the foregoing, it is my opinion that the complaint should be held defective and that the order overruling the demurrer should be reversed.