NILSSON, Respondent, v. KRUEGER, et al, Appellants

(9 N. W.2d 783.)

(Files Nos. 8577, 8573. Opinion filed May 27, 1943.)

**T. R. Johnson,** of Sioux Falls, for Appellant.

**Frank P. Nuelle,** of Omaha, Neb., and **Bailey, Voorhees, Woods & Bottum** and **H. L. Fuller,** all of Sioux Falls, for Respondents.

ROBERTS, P.J. Plaintiff suffered an accidental injury arising out of and in the course of his employment. At the time of injury plaintiff and defendant employers and their insurer were governed by the Workmen's Compensation Act (SDC 64). Plaintiff and defendants entered into a compensation agreement. Subsequently the parties made an agreement for a lump-sum settlement and plaintiff signed

a release "in final settlement and satisfaction of all claims for compensation." Plaintiff thereafter filed with the industrial commissioner application for additional compensation. The industrial commissioner granted the application and judgment of the circuit court affirming such award was reversed on appeal to this court on the ground that the commissioner was without jurisdiction to grant such additional compensation. Nilsson v. Krueger, 68 S. D. 11, 297 N. W. 790. Plaintiff then instituted the present action to set aside the release alleging mutual mistake as to his condition at the time settlement was made and the release was signed. The court entered findings of fact in plaintiff's favor, but upon such findings concluded as a matter of law that plaintiff was not entitled to relief and that the complaint should be dismissed on the merits. The court accordingly entered a judgment of dismissal and plaintiff appeals.

Appellant assigns error upon the refusal of the court to adopt conclusion of law to the effect that he was not barred by the release which he signed; upon the refusal of the court to make additional findings of fact upon motion for new trial; and upon entry of judgment in favor of the defendants dismissing the action.

■■ Defendants have also appealed from the judgment, contending that the judgment is erroneous to the extent that it is based upon the adoption of findings of fact requested by the plaintiff and that the court erred in its refusal to adopt findings proposed by defendants. The appeals have been consolidated by stipulation of the parties. A party cannot appeal from a judgment or decree in his favor since he is not thereby aggrieved. Woods v. Pollard, 14 S. D. 44, 84 N. W. 214; Severin v. Medearis, 46 S. D. 408, 193 N. W. 138. If this court were to hold that the release does not bar recovery by plaintiff, the cause would be remanded to the trial court and such judgment would be entered as the findings of fact warranted. Any aggrieved party could then appeal from such judgment. This is not an appeal by defendants from so much of a judgment as is unfavorable and gave relief against them, and we therefore

hold that they did not have the right of appeal. Such appeal should be dismissed and it is so ordered.

A brief statement of undisputed facts in this case are as follows: Plaintiff strained his back while lifting a sack of potatoes from a truck; that too affected his right hip and leg. The accidental injury occurred on August 13, 1935. Plaintiff was examined by insurer's physician who concluded that there was an obstruction in the spinal canal at the level of the third and fourth lumbar vertebrae and suggested an exploratory operation by the Mayo Clinic. A short time later plaintiff went to such clinic and his injury was diagnosed as a "right sciatic syndrome, secondary to a lumbosacral strain." Plaintiff as we have stated thereafter entered into a compensation agreement with defendant employers and their insurer for compensation at the rate of $15 per week from the time of the accident "until terminated in accordance with the provisions of the Workmen's Compensation Law." The agreement does not set forth the status of plaintiff's disability. The nature of the injury is referred to therein as a "hurt hip and back." Plaintiff signed on April 25, 1936, the release referred to and received $490 as consideration for the release. Plaintiff shortly thereafter resumed his employment with defendant employers and continued in such employment until December, 1940. February 1, 1939, plaintiff filed with the industrial commissioner the petition for additional compensation.

The trial court found:

"That the plaintiff, after such treatment and observation at said Mayo Clinic and prior to returning to work for the defendant employers and before signing the said receipt * * * inquired of such physicians and surgeons, particularly Dr. Woltman, as to the probability of his further incapacity and when his injury or disability would end, or clear up, so as to enable him to resume the original work he had been doing prior to said injury and accident. *. * * That the said Dr. Woltman thereupon stated, represented, and told the plaintiff that he thought that eventually his disability would disappear or clear up; that he

could return to work for the said employers but that he should take it easy and not do any heavy lifting but gradually work into it; that both the plaintiff and the defendant insurer relied upon the said statements and representations of said Doctors, especially Dr. Woltman, as hereinbefore set forth, which statements and representations of the said Dr. Woltman, although erroneous, were made in good faith and based upon existing facts upon which the said plaintiff and the defendant insurer had a right to, and did at said time, rely. * * * That if the plaintiff had known he would have a reoccurrence or aggravation of his injury or that it would not clear up or get well, a fact upon which he relied as hereinbefore set forth, he would not have executed the said release. That the plaintiff, subsequent to the time of returning to work for the said employers, has been unable to perform the labor or work which he was engaged in at the time of the accident or injury. That he has suffered continuous pain to his back since he returned to work, causing it to be difficult, in fact impossible, for him to perform or do the work he did prior to the accident or injury. That said injury has permanently impaired the plaintiff's physical condition; that he has suffered a permanent partial incapacity from such injury; that his present physical condition is directly attributable to such injury; that after the plaintiff's return to work for his employers instead of getting well or better his physical condition has gradually been growing worse, and if the plaintiff had known the nature and extent of his injury at the time he signed the receipt * * * he would not have done so."

 A release is a contract and as such is subject to rescission for the same reasons as other contracts, including mistake of fact. This is in accordance with the elementary rule that no contract results where the parties labored under such a mistake of fact that their minds never met. Iowa Loan & Trust Co. v. Schnose, 19 S. D. 248, 103 N. W. 22, 9 Ann. Cas. 255. "Mistake of fact is a mistake not caused by the neglect of a legal duty on the part of the person making the mistake and consisting in: (1). An unconscious ignor-

ance or forgetfulness of a fact, past or present, material to the contract; or (2) Belief in the present existence of a thing material to the contract which does not exist, or in the past existence of such a thing which has not existed." SDC 10.0312. The fact concerning which the mistake was made must be material to the transaction and must not result from the want of such care and diligence as would be exercised by a person of reasonable prudence under the same circumstances and must relate either to a present or past fact. The annotations appearing in 48 A. L. R. 1462 and 117 A. L. R. 1022 state the following conclusions with respect to the avoidance of releases of claims for personal injuries on the ground of mistake: "It has often been said that the law favors compromise. But * * * this rule has not been permitted to defeat substantial justice, where a release of a claim for personal injuries is executed under mutual mistake of fact. * * * The rule is well settled, according to the great weight of authority, that a general release of a claim for personal injuries may, under proper circumstances, be avoided on the ground of mutual mistake as to the nature or seriousness of the injury."

Plaintiff concedes that the mistake must be as to a past or present fact and not a mere prophesy as to a future condition to entitle plaintiff to prevail, but cites and relies upon the cases of Granger v. Chicago, M. & St. P. R. Co., 194 Wis. 51, 215 N. W. 576 and Atchison, Topeka & Santa Fe R. Co. v. Peterson, 34 Ariz. 292, 271 P. 406, and other authorities, in support of the contention that a statement made by a physician as to the condition of a releasor and his prospects of recovery is an expression as to an existing fact and not a mere opinion as to a future event. Plaintiff contends that the facts as disclosed by the record show that he was advised by Dr. Woltman that his injury was of a temporary nature and that eventually his disability would disappear and requested an additional finding to this effect. We need not enter into a consideration of decisions construing statements made by physicians with respect to whether they constitute expressions as to a present, existing fact or

are mere prophesies as to a future condition. The alleged mistake of fact is premised upon the representations of Dr. Woltman as we have stated concerning plaintiff's injury and his ability to resume work. We have only plaintiff's testimony with respect to such statements. He testified:

"Q. And how long were you at Rochester? A. Five weeks.

"Q. Did Dr. Woltman say anything to you about coming back and going to work? A. Yes he did.

"Q. What did he say? A. He told me I would have to be very careful of myself and he said eventually chances are that I would get alright.

"Q. Did he tell you that you could go back to work? A. Yes he did.

"Q. Did he tell you what work you should do? A. Well he told me I would have to be very careful not to lift. Well he said I would just have to feel myself on and later on to see how it turned out, but not to overdo myself.

"Q. What else did he say about your injury? A. He said that eventually my case would clear up and that I would become alright.

"Q. Then you relied on what Dr. Woltman told you and you believed that your condition would eventually clear up when you signed exhibit '1' (release)? A. I certainly did.

"Q. And you wouldn't have done it otherwise? A. I would have been very foolish to.

"Q. You had a conversation with Dr. Woltman about a surgical operation, what did he tell you? A. Well he told me that eventually the thing would clear up he figured, but in case it didn't, (he would) have to make an exploratory operation and what the outcome of that would be they didn't know, it would be a serious operation, but what the outcome was he couldn't state."

■■ The requested finding that the physician represented that the injury was of a temporary nature and that eventually plaintiff would fully recover could not be sustained. The testimony of plaintiff considered as a whole is open only to the conclusion that there was an element of

doubt and uncertainty and that he should at least have suspected that there might be a development from his injury that was not then apparent. The effect of the injury was problematical and it cannot be said that plaintiff acted under a mistake of fact. It is not the province of this court to weigh evidence or to make or amend findings, or direct that to be done where the facts are in dispute. But where the undisputed evidence admits of only one conclusion the issue is settled as a matter of law by the record. Such is the evidence in this case with respect to representations made by Dr. Woltman and upon which plaintiff premises his claim of mistake of fact.

■ It is contended that plaintiff and his counsel in negotiating the settlement acted in reliance upon the decision of Vodopich v. Trojan Mining Co., 43 S. D. 540, 180 N. W. 965, which was overruled in Chittenden v. Jarvis, 68 S. D. 5, 297 N. W. 787. We may assume arguendo that plaintiff would be entitled to have the release set aside under the holding of this court in that case. But reliance on an erroneous decision, subsequently overruled, does not justify the setting aside of a contract made on the faith of the law as enunciated in such decision in the absence of fraud, misrepresentation or want of knowledge of all the facts. 13 C. J. 379; 17 C. J. S., Contracts, § 145; Pittsburg & L. A. Iron Co. v. Lake Superior Iron Co., 118 Mich. 109, 76 N. W. 395; Courtright v. City of Detroit, 149 Minn. 295, 183 N. W. 346; Kenyon v. Welty, 20 Cal. 637, 81 Am. Dec. 137.

The judgment appealed from is affirmed.

All the Judges concur.