Defendant appeals from judgment in favor of plaintiff, Marie Danker, for $500 and her husband, Fred Danker, for $390. The action was instituted to recover damages occasioned by eating a cruller, prepared and sold by defendant, containing a foreign substance. *Page 250 
Defendant contends that the court erred in refusing to dismiss on the grounds that (1) "there was insufficient proof of the cause of plaintiff's injury;" (2) that the plaintiff failed to prove causal connection between the defendant's negligence and plaintiff's injury so as to fail in their proof of proximate cause and (3) there was insufficient proof of negligence.
The well-settled rule is that those who engage in the business of preparing, baking and furnishing food for consumption by others are required to use reasonable care with respect to its fitness and may be held liable in damages, if, by reason of their negligence, unwholesome products, containing a foreign substance or deleterious matter, are sold and persons are made ill thereby. 11 R.C.L. 1118; Tomlinson v. Armour Co., 75 N.J.L. 748
(E. A. 1908); DeGroat v. Ward Baking Co., 102 N.J.L. 188
(E. A. 1925); McAteer v. Sheffield Farms Co.,9 N.J. Misc. 33 (Sup. Ct. 1930); Oelschlaeger v. Hahne Co.,2 N.J. 490, 66 A.2d 861 (Sup. Ct. 1949).
To obtain a clear picture of the situation before the trial court and jury, an elaboration of the facts is essential. At approximately 4:30 P.M., on February 9, 1948, plaintiffs' daughter-in-law purchased some crullers from defendant; they were taken immediately to plaintiffs' home, removed from the bag in which they had been placed at the time of purchase and placed upon a dish on the dinner table by plaintiffs' daughter-in-law, without anyone else having touched them. While eating one of the crullers, plaintiff, Marie Danker, felt a sharp pain in her throat. She went into the bathroom in an unsuccessful attempt to bring up the object which had caused the pain. Her husband then took her that night to the hospital where she was given a gargle and, upon the recommendation of the hospital doctor, went the next day to consult Dr. John D. Makin, an eye, ear, nose and throat specialist. Dr. Makin examined her throat by use of a mirror "similar to a periscope" and testified that he observed an abrasion or scratch on the right side of her pharynx, but did not discern a foreign body. Dr. Makin examined Mrs. Danker on February 15th and 27th, stating that on both of these occasions *Page 251 
"she had considerable swelling of the right wall of her pharynx." On February 28, 1948, Mrs. Danker started coughing, gagged when she attempted to use a gargle to relieve her throat, and a small splinter covered with "pus" came out of her throat. The piece of wood was offered and received in evidence.
Between the date of eating the cruller and the coughing up of the splinter, Mrs. Danker suffered from a swelling in the pharynx, had a sharp pain in her throat whenever she swallowed, the pain disturbed her sleep, her face was pale and yellow and her throat ached constantly, and was compelled to subsist on a liquid diet. Dr. Makin testified that it was his opinion that the piece of wood that came out of Mrs. Danker's throat was the cause of the conditions from which Mrs. Danker suffered.
Defendant contends, that, for plaintiffs to recover, where the alleged negligent act charged against defendant is supported only by circumstantial evidence, plaintiffs must show not a possibility only, but a probability that the injury resulted from the defendant's negligence, citing Woschenko v. C. Schmidt Sons, 2 N.J. 269 (Sup. Ct. 1949); Oelschlaeger v. Hahne Co., supra. The test as to whether plaintiffs have borne the burden of establishing a prima facie case of negligence against the defendant is aptly stated by Mr. Justice Trenchard inMcKittrick v. Dugan Brothers of N.J., Inc., 119 N.J.L. 605
(Sup. Ct. 1938), wherein he states at p. 607:
"While in such an action as this a plaintiff must prove circumstances which render it probable, and not merely possible, that the defendant was at fault, he is not required to exclude beyond doubt the inference that the damage was due to a cause for which the defendant was not responsible. All that is required is that the circumstances should be so strong that a jury might properly, on grounds of probability, rather than of certainty, exclude the inference favorable to the defendant. The test is probability rather than certainty."
Defendant contends that plaintiffs, by their proofs, failed to meet this test and the court, therefore, erred in denying defendant's motion for a dismissal. "Now it is a well settled rule that in passing upon motions to nonsuit and for the *Page 252 
direction of a verdict the court cannot weigh the evidence but must take as true all evidence which supports the view of the party against whom the motions are made and must give him the benefit of all legitimate inferences which are to be drawn therefrom in his favor." McKittrick v. Dugan Brothers of N.J.,Inc., supra. As will appear from the factual recital hereinabove, the evidence establishes an uninterrupted chain of events, commencing with the circumstances surrounding the incident of the eating of the cruller by Mrs. Danker and continuing to the time of the expulsion of the splinter from her throat. Plaintiffs thus satisfied the burden which the law imposed upon them by proving such facts and circumstances from which it could be reasonably inferred that the splinter was in the cruller when it was purchased from defendant and that the cruller partaken of by Mrs. Danker contained the splinter that lodged in her throat, thereby causing her injury. Thus, plaintiffs established a prima facie case of negligence against the defendant.
Defendant contends further that in cases such as that under review, where the courts have allowed recovery, the offending matter was immediately identified. We disagree with defendant's assertion. If defendant's contention were given legal effect, it would result in a restriction of the present rule of law prevailing in such cases and exclude recovery unless the foreign matter is immediately discovered or identified shortly thereafter. Such a rule is contrary to that laid down in this juridical field. See Jones v. Mt. Holly Water Co., 87 N.J.L. 106
(Sup. Ct. 1915); McAteer v. Sheffield Farms Co., supra;Amabile v. Kramps, 121 N.J.L. 219 (Sup. Ct. 1938).
We are convinced that plaintiffs' proofs, and the reasonable inferences to be drawn therefrom, established a prima facie
case of actionable negligence against the defendant and that the trial court was justified in submitting the case to the jury. It follows, therefore, that the court did not commit error in denying defendant's motion to dismiss.
We have considered defendant's other grounds for reversal and find no merit in them.
The judgment of the Superior Court is affirmed, with costs. *Page 253