CARLSON et al., Respondents v. WEST RIVER OIL COM-
PANY et al., Appellants

(64 N. W.2d 294)

(File No. 9417.  Opinion filed May 5, 1954)
Rehearing denied January 11, 1955

**Bangs & McCullen, H. F. Fellows,** Rapid City, for Plain-
tiffs and Respondents.

**Russell C. Molstad,** Sturgis, for Defendants and Appel-
lants.

**E. V. Morrill,** Sturgis, for Intervenor and Appellant.

SICKEL, J.   This action was brought on behalf of the
City of Faith, a Municipal Corporation, by Louis W. Carlson
and R. J. Kovarik, as plaintiffs, against West River Oil Com-

pany, a Corporation, and Virgil R. Nesland, for money claimed to be due the city. The complaint alleges that defendant Nesland received money from the city, directly or indirectly, for goods and merchandise sold to the city while he was a member of the city council. The City of Faith intervened and served a complaint admitting the truth of the facts alleged in plaintiffs' complaint, and alleged as a defense that the articles so sold by Nesland were necessary for municipal purposes, were used by the city as such, and that the prices paid by the city therefor were the fair and reasonable value thereof; that the articles so purchased could not have been purchased elsewhere for less money, and have now been consumed or have become worthless; that such articles cannot be restored; that no fraud or collusion was practiced in the purchase and sale of any of said property; that the purchases and payments made therefor by the city were not prohibited by law. The municipal corporation prays for judgment relieving defendant from any liability to the city. Judgment was entered for the city against the defendant, and the city appealed. Respondents then moved to dismiss the appeal of the City of Faith on the ground that the judgment does not affect a substantial right of the city, and that the city is not an aggrieved party.

The question thus presented by the motion is not whether the city was entitled to intervene, but whether the city had the right to appeal from a judgment in its favor.

Prior to the adoption of the Revised Code of 1939 it was provided by statute that any judgment or order "may be reviewed upon an appeal by the party aggrieved". Rev. Code 1919, § 3145. The right of appeal is now granted by SDC 33.0701, but the clause "by the party aggrieved" was omitted from the text. It is the contention of the appellant in this case that because of this change in the statute the city has a right to appeal in this case, whether it was aggrieved or not.

Since the adoption of the Rev. Code of 1939 similar questions have been presented to this court in Nilsson v. Krueger, 69 S.D. 312, 9 N.W.2d 783; Hodkinson v. Parker, 70 S.D. 272, 16 N.W.2d 924, and Danforth v. City of Yankton, 71 S.D. 406, 25 N.W.2d 50.

In Nilsson v. Krueger, supra, this court said [69 S.D. 312, 9 N.W.2d 785]: "A party cannot appeal from a judgment or decree in his favor since he is not thereby aggrieved". The case of Hodkinson v. Parker, supra, was one in which the plaintiff in whose favor the judgment was rendered appealed, and assigned as error the refusal of the court to give instructions requested by him. The court found that the failure to give some of the requested instructions was not prejudical to the appellant and declined to consider them. Other requested instructions relating to the measure of damages were considered on the appeal on the theory that if those requested instructions correctly stated the law and if the refusal to give them was prejudicial to plaintiff it would be error to refuse to give them. The case of Danforth v. City of Yankton, supra, was here on an appeal by the defendant in whose favor the judgment was entered and the opinion states [71 S.D. 406, 25 N.W.2d 53]: "As a general rule, an appellant must not only have an interest in the subject matter in controversy, but must also be prejudiced or aggrieved by the decision from which he appeals."

■ These decisions adhere to the general rule that regardless of a statute on the subject, the right of appeal is restricted, not only to those who are interested in the subject matter of the action but also to those parties who are prejudiced or aggrieved by the judgment. 4 C.J.S., Appeal and Error, § 183 . This rule is equally applicable to parties who appear as intervenors. Id. § 186.

■ The judgment in this case is in favor of the City of Faith upon a liability created by statute. It does not appear that the city was prejudiced or aggrieved by the entry of this judgment and, therefore, the motion by the plaintiffs to dismiss the appeal of the city is granted.