GUSTAFSON, Respondent

v.

GATE CITY CO-OP CREAMERY, Appellant
GUSTAFSON, Cross-Appellant

v.

GATE CITY CO-OP CREAMERY, Cross-Respondent

(126 N.W.2d 121)

(File Nos. 10062, 10067. Opinion filed January 30, 1964)

**Horace R. Jackson,** of **Whiting, Lynn, Freiberg & Shultz,** Rapid City, for Defendant and Appellant.

**E. G. Brown,** of **Milek & Brown,** Sturgis, for Plaintiff and Respondent; **Maurice McKee,** Rapid City, on the brief.

BIEGELMEIER, P.J.   Plaintiff purchased, at a retail store, a pound of butter manufactured by defendant creamery. Having eaten some of it, she brought an action claiming fragments of

glass therein had caused her physical injury and mental anguish. The complaint contained her claims in several counts. The trial court submitted the claim to a jury on the issue of negligence. There was a verdict for plaintiff; defendant appeals from the judgment thereon.

. Defendant made a motion for a new trial or for judgment n. o. v. which was denied. Defendant's argument in sum, is the court erred in not directing a verdict for defendant because of the insufficiency of the evidence and its inherent incredibility and improbability.

■ This court in 1940 reviewed the different theories on which recovery has been allowed in food product cases as between a manufacturer and the consumer in the absence of direct contractual relations. As between liability for implied warranty and negligence the court concluded liability on the negligence theory as the better reasoning, Whitehorn v. Nash-Finch Co., 67 S.D. 465, 293 N.W. 859; also, that an inference of negligence arises from the mere presence of impurities in food when such impurities, and foreign matter, would not ordinarily appear without negligence of the manufacturer. Under instructions on this issue the jury verdict being for plaintiff, in our review we must look at the evidence, including all possible inferences to be drawn therefrom, in a light most favorable to the verdict. Fryda v. Vesely, 80 S.D. 356, 123 N.W.2d 345; Stygles v. Ellis, 80 S.D. 346, 123 N.W.2d 348.

Viewing the evidence in that posture, it appears plaintiff purchased the butter at a retail store from a case where it was replenished daily by defendant's route man; plaintiff, as other customers regularly did, served herself from the case and paid for it with other purchases at the checkout counter. The butter was wrapped in defendant's label and it makes no claim the butter was not processed by it. On arriving home, plaintiff commenced preparations of a meal for herself and a guest who was present. She cut off a portion of the butter and placed it on the table. She then cut off a chunk and ate it; her tongue started to burn; she testified she told the guest "I believe I have cut my tongue" and "my tongue was bleeding, and my lips started bleeding." She then found glass and particles of dirt in the butter.

After trying to call the creamery, she notified them the next day. Two creamery agents came with a health inspector to observe the butter and X-rays were taken of it. Plaintiff consulted a doctor and a few days later she removed a glass splinter from her lip. Plaintiff's supper guest generally confirmed her version of the mealtime occurrence. The inspector, an unwilling, if not hostile, witness and creamery agents admitted glass was in the butter and that plaintiff tried to show them her cut lip, but they couldn't see it. Because defendant stresses the incredibility of defendant's version of the testimony and the apparent conflict with certain experiments introduced in defense, one item of evidence is referred to at this point. Defendant claims the evidence shows the glass to be in a verticle plane along the edge of the cut in the butter, and there only, and therefore this would be incredible. But a doctor of medicine consulted by plaintiff, testified he X-rayed the butter and from the X-rays it had "particles of foreign material in it, or opaque material suggestive of glass * * * all through it." The X-rays in evidence support this conclusion. He also testified plaintiff had a small puncture wound or small chronic ulceration in the inner aspect of her lower lip; that in his opinion she had an injury such as described by her.

This evidence was sufficient to support the verdict and we cannot say, as defendant asserts, that it is inherently incredible and improbable. Other courts have approved verdicts on similar evidence. Coca-Cola Bottling Co. v. Reeves, 211 Ark. 452, 200 S.W.2d 811; Foley v. Coca-Cola Bottling Co. of St. Louis, Mo.App., 215 S.W.2d 314; Danker v. Fischer Baking Co., 5 N.J. Super. 248, 68 A.2d 774; Cassini v. Curtis Candy Co., 113 N.J.L. 91, 172 A. 519. The later opinion in Henningsen v. Bloomfield Motors, 32 N.J. 358, 161 A.2d 69, 75 A.L.R.2d 1, concerned Cassini only in so far as it mentioned the lack of privity of contract.

Defendant introduced photographs of its creamery and machinery as well as testimony showing methods of making butter. An expert witness performed an experiment by adding aluminum filings to the butter just before it entered a machine known as a "former" and wrapping receptacle, the last place foreign matter could enter the finished product. He testified the augers which forced the butter into the machine mixed the butter and fil-

ings with the result they appeared distributed throughout thirty pounds of butter; that in his opinion it was inconceivable that the glass show up—a very great majority of it—in one thin vertical layer.

Without reference to the province of the jury to balance and evaluate the testimony of interested parties or their employees, cf. Jerke v. Delmont State Bank, 54 S.D. 446, 223 N.W. 585, 72 A.L.R. 7, or that opinion evidence of an expert witness is not binding on a court or jury, this class of evidence only raised a jury question. Such has been the result reached in actions where courts stated defendant's evidence "tended to show the preparation and bottling were infallibly impeccable," Gardner v. Baker, 40 Ala.App. 374, 113 So.2d 695; "no foreign particles could possibly have gotten in the bottle," Cloverland Farms Dairy v. Ellin, 195 Md. 663, 75 A.2d 116; evidence "however conclusive * * * that such foreign and deleterious substances could not get into the product, does not demand the inference as a matter of law that the manufacturer exercised due care," Curtiss Candy Co. v. Johnson, 60 Ga.App. 268, 3 S.E.2d 776; and "no foreign substance, such as tacks, could ordinarily be in a bottle," Foley v. Coca-Cola Bottling Co. of St. Louis, Mo.App., 215 S.W.2d 314.

That no other person has made claims of food poisoning from eating canned foods over a two-year period is not such evidence to show due care or that defendant was not negligent, as a matter of law. Stokely-Van Camp, Inc. v. Ferguson, 271 Ala. 120, 122 So.2d 356. Evidence of no complaints shown here is in the same category. Extended discussions covering this fast growing field of law "Products Liability" may be found in the opinions and notes in 77 A.L.R.2d, pages 1 through 215, with the effect of the defense showing care in manufacture at pages 35, 48 and 257. See also Hursh, American Law of Products Liability, §§ 2:98, 2:99 and 12:5.

Defendant further argues liability was imposed on the theory it is an insurer of its product. That was not the theory on which the trial court instructed the jury. The instruction, not here challenged, required the jury to be satisfied by a preponderance of the evidence that defendant was negligent. As said of another

phase of business by Chief Judge Cardozo in Ryan v. Progressive Grocery Stores, 255 N.Y. 388, 175 N.E. 105, 74 A.L.R. 339: "The burden may be heavy. It is one of the hazards of the business." This is no more than a difference or conflict of evidence in any action where the truth is to be weighed and determined. No reversible error appears and the judgment appealed from should be affirmed.

Plaintiff has cross-appealed; to be entitled to do so plaintiff must be aggrieved by the judgment. Carlson v. West River Oil Co., 75 S.D. 333, 64 N.W.2d 294. Plaintiff could be aggrieved if she claimed the damages were inadequate, Hanisch v. Body, 77 S.D. 265, 90 N.W.2d 924, which in a jury trial would require a different record than is presented. Plaintiff makes no such contention here. No motion was made for a new trial by plaintiff nor is there any other basis upon which such claim may be made. See Lang v. Burns, 77 S.D. 626, 97 N.W.2d 863. We may assume she desires the judgment to stand and not be reversed as she has argued in support of it and has only argued the cross appeal to protect the record in the event of a reversal. Her appeal should be dismissed and it is so ordered. Nilsson v. Krueger, 69 S.D. 312, 9 N.W.2d 783.

The judgment appealed from is affirmed in No. 10062 and in No. 10067 the appeal is dismissed.

All the Judges concur.