**Betty JONES, Plaintiff and Appellee,**

v.

**Wesley DAPPEN, Defendant and Appellant.**

**No. 14327.**

Supreme Court of South Dakota.

Considered on Briefs April 19, 1984.

Decided Dec. 19, 1984.

John J. Simpson, Winner, for plaintiff and appellee.

James W. Olson, Armour, for defendant and appellant.

MORGAN, Justice.

On May 12, 1977, Wesley Dappen (Dappen) purchased certain real property on a contract for deed from the Sinclairs. At the time the contract for deed was executed, Betty Jones' (Jones) husband had possession of the property under an oral lease. During his tenancy, Jones' husband erected a one-mile cross fence within the exterior boundaries of the property. Jones succeeded to her husband's interest in this fence pursuant to a divorce decree.

Jones sued Dappen for conversion of the fence when Dappen refused to allow her to remove it. Based on a trial before the court held June 2, 1983, a judgment for $3500 was filed in favor of Jones on June 23, 1983. Dappen filed a motion for new trial on July 6, 1983, and a notice of appeal on August 15, 1983. The motion for new trial was heard on July 14, 1983, and on August 25, 1983, the trial judge opened the judgment entered on June 23. On October 12, 1983, a new judgment was entered in this matter which dismissed Jones' complaint on its merits. Also, on October 12, 1983, this court dismissed Dappen's appeal from the first judgment on grounds that no order for transcript was filed with the

Clerk of the Supreme Court within forty-five days from the date notice of appeal was served and because no appellant's brief was served or filed. This court determined that the appeal had been abandoned.

Dappen filed a petition to reinstate appeal on October 25, 1983, and, because Jones was apparently trying to enforce the first judgment, he filed a motion for stay of execution on November 1, 1983. This court ordered Dappen's appeal reinstated and granted the stay of execution on November 17, 1983.

Civil appeals to this court are governed under SDCL ch. 15–26A, and may be taken from circuit courts based on (1) judgments, (2) orders which affect substantial rights and preclude appealable judgments, (3) orders granting new trials, (4) final orders affecting substantial rights which are made in special proceedings or upon a summary application after judgment, (5) orders which affect remedies, and (6) any other pretrial intermediate orders at this court's discretion. SDCL 15–26A–3.

Section 3145 of the Revised Code of 1919 limited the right to appeal a circuit court decision to the South Dakota Supreme Court to aggrieved parties. This language was deleted in § 33.0701, SDC 1939 (now SDCL 15–26A–3); this court has held, however, that the right of appeal remains so limited. *Olesen v. Snyder*, 249 N.W.2d 266 (S.D.1976); *Board of Supervisors, Etc. v. Bailey*, 88 S.D. 522, 222 N.W.2d 389 (1974); *Carlson v. West River Oil Co.*, 75 S.D. 333, 64 N.W.2d 294 (1954). An exception to this rule has been carved out in certain cases involving prevailing plaintiffs who present the trial court with inconsistent alternate theories of relief. *Miller v. Scholten*, 273 N.W.2d 757 (S.D. 1979). The exception cannot apply here in that Dappen, the appellant, was the defendant in the underlying action. This court has stated that when a judgment is entered in a defendant's favor, that person cannot be an aggrieved party. *Bottum v. Herr*, 83 S.D. 542, 162 N.W.2d 880 (1968); *Gustafson v. Gate City Co-op. Creamery*, 80 S.D. 430, 126 N.W.2d 121 (1964).

In *Miller v. Scholten, supra*, this court sought to clarify the exception in light of its 1966 adoption of the rules of civil procedure. "The prevailing party in a lower court adjudication may be a 'party aggrieved' if the adjudication is prejudicial to him." *Id.* at 761–62. The judgment from which Dappen appeals was opened and a new judgment was entered dismissing the complaint against him. He is the prevailing party in this action and the adjudication is not prejudicial to him. Dappen is not an aggrieved party. Jones is now the aggrieved party in this action. Only she had the right to appeal and question the trial court's jurisdiction to open the first judgment in favor of Jones and enter a second judgment in favor of Dappen before Dappen's appeal from the first judgment was completed.

As the time for notice of appeal is passed, the trial court's second judgment stands. The appeal is dismissed.

All the Justices concur.

DUNN, Retired Justice, participating.

WUEST, Circuit Judge, acting as Supreme Court Justice, not participating.