#24041-dis-PER CURIAM
**2006 SD 107**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

IN THE MATTER OF
THE ESTATE OF ROBERT F. BARTHOLOW,
Deceased.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE SIXTH JUDICIAL CIRCUIT
LYMAN COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE MAX A. GORS
Judge

\* \* \* \*

ROBERT R. SCHAUB and
HERB C. SUNDALL of                      Attorneys for plaintiff
Larson, Sundall, Larson, Schaub & Fox    and appellant, Estate of
Chamberlain, South Dakota                Robert F. Bartholow.

\* \* \* \*

CONSIDERED ON BRIEF
ON OCTOBER 2, 2006

OPINION FILED 11/29/06

#24041

PER CURIAM

[¶1.]        The Estate of Bartholow (Estate) appeals the circuit court order interpreting and reforming the trust provisions contained in Robert F. Bartholow's will.  We dismiss the appeal.

## FACTS AND PROCEDURE

[¶2.]        Bartholow passed away on February 1, 2005.  On February 22, 2005, a petition to probate his will was filed.  An order admitting the will to probate and appointing Betty Isburg as personal representative was entered on March 29, 2005.  On December 14, 2005, a "petition for nunc pro tunc order interpreting and reforming the trust provisions of Robert F. Bartholow's will" was filed with the circuit court.  That petition sought reformations to the will to obtain favorable charitable tax treatment.  The trust provision of the will provided for the educational benefit of children seeking secondary education in South Dakota.  The requested revisions would purportedly bring the trust into compliance with Internal Revenue provisions to create an exempt organization.  A notice of hearing on this request was sent to the interested parties, the United States Attorney, Attorney General and Internal Revenue Service.  No objection was noted by any of these parties.

[¶3.]        The circuit court entered an order nunc pro tunc interpreting and reforming the trust provisions effective January 6, 1964.  That order directed that the trust be interpreted as including the Internal Revenue provisions requested to achieve favorable tax status.  The order conformed precisely to the requested provisions sought by Estate.   Notice of entry of that order was served on the

#24041

previously mentioned parties. No objection or notice of appearance was entered.

Nevertheless, Estate filed a notice of appeal to this Court from the order entered

below. In its brief, the issue stated for review is as follows:

> Should this Court summarily affirm the trial court's
> decision thereby giving it finality and assuring that the
> estate has an estate tax charitable deduction and that the
> trust created by decedent's will be exempt from federal
> income taxes?

The Attorney General's office and the Department of Justice Tax Division

submitted letters indicating they will not be filing a response or taking a position in

the appeal. Because this Court has no jurisdiction to consider this appeal as there

is no aggrieved party, we dismiss for lack of appellate jurisdiction.

## DISCUSSION

[¶4.] This Court is "required to take notice of jurisdictional questions,

whether presented by the parties or not." Wold Family Farms, Inc. v. Heartland

Organic Foods, Inc., 2003 SD 45, ¶12, 661 NW2d 719, 723. In this unusual

situation, Estate is appealing from an entirely favorable order entered by the circuit

court. In fact, the circuit court entered Estate's requested relief verbatim. There

are no other parties involved in this appeal and no one has objected to any action

taken by the circuit court.[1]

---

1. Estate contends that a judgment is required by this Court to bind the
   Internal Revenue Service to the circuit court's ruling. In support of that
   position it generally cites Commissioner v. Estate of Bosch, 387 US 456, 87
   SCt 1776, 18 LEd2d 886 (1967). The discussion in *Bosch* relates to the degree
   of deference federal courts should give state courts in interpreting their own
   law. Nothing in that decision can be construed to suggest this Court should
   ignore general rules of appellate procedure to provide a rubber stamp
   affirmance for the benefit of a victorious party.

#24041

[¶5.] "As a general rule, an appellant must not only have an interest in the subject matter in controversy, but must also be prejudiced or aggrieved by the decision from which he appeals." Carlson v. West River Oil Co., 75 SD 333, 335, 64 NW2d 294, 295 (1954). "The right of appeal is limited to aggrieved parties and when a judgment is rendered in a party's favor, that person cannot be an aggrieved party unless the adjudication is, in some way, prejudicial to that party." Quinn v. Mouw-Quinn, 1996 SD 103, ¶20, 552 NW2d 843, 847. While an exception to this rule has been recognized in certain cases where the prevailing party may nevertheless be prejudiced by the adjudication, that exception is inapplicable here. *See* Jones v. Dappen, 359 NW2d 894, 895 (SD 1984); Miller v. Scholten, 273 NW2d 757, 760-62 (SD 1979)(tracing the history of the aggrieved party requirement in South Dakota jurisprudence). The adjudication entered in this matter can not be characterized as prejudicial to Estate. In the absence of an aggrieved party it is appropriate to dismiss the attempted appeal. *See e.g., Jones*, 359 NW2d at 895; Bottum v. Herr, 83 SD 542, 549, 162 NW2d 880, 884 (1968); *Carlson*, 75 SD at 335, 64 NW2d at 295 (dismissing attempted appeals from non-aggrieved parties).

[¶6.] The facts of this case are closely analogous to those in *Massengill v. Massengill*, 255 SW2d 1018 (TennCtApp 1953). In that case, appellant conceded that the decree entered below was in her favor and no assignments of error were made concerning the trial court's ruling interpreting a trust agreement. *Id*. at 1018. Rather, the appellant maintained that "it is necessary at this time, under the Federal law, to procure an appellate determination of the interpretation of this Trust Agreement in aid of the administration of this Trust, and in order that the rights of the beneficiaries thereunder shall not be prejudiced." *Id*. at 1019. In

denying the attempted appeal, the court noted "it is not within the province of the appellate courts to decide abstract, hypothetical, or moot questions, disconnected from the granting of actual relief, however important and however simple they may be." *Id*.

[¶7.] In denying the petition for rehearing in that same opinion, the court stated "[o]nly a party dissatisfied with the judgment or decree of the [lower court] may appeal to the Supreme or Appeals Court and have a re-examination, in that court, of the whole matter of law and fact appearing in the record." *Id*. at 1020. The court also noted:

> Apparently the petitioner has overlooked the fact that the [lower court], a court of record in this State, assumed jurisdiction of the cause and, as admitted by petitioner, decided the issues involved therein satisfactorily to her, and a decree of that court is as final and as binding on the parties and issues involved as would be a decision of this court.

*Id*. This rationale is equally applicable in this situation. The circuit court has assumed jurisdiction and modified the trust documents precisely as Estate petitioned. There having been no appeal from a party aggrieved by that decision, this Court has no jurisdiction to proceed on the merits in a review of the circuit court's decision. According to this Court's well-settled jurisprudence, this appeal is dismissed.

[¶8.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.