#26534-dismissed-JKK

**2013 S.D. 9**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

MICHAEL and MAGGIE SMITH,                     Plaintiffs and Appellees,

    v.

RUSTIC HOME BUILDERS, LLC, and
JAY DRIESEN, Individually,                     Defendants and Appellants.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
BROOKINGS COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE TIM D. TUCKER
Judge
and
THE HONORABLE DAVID R. GIENAPP
Retired Judge

* * * *

JAMES S. SIMKO
MELISSA R. JELEN of
Cadwell, Sanford, Deibert & Garry, LLP
Sioux Falls, South Dakota                     Attorneys for plaintiffs
                                              and appellees.


JAY DRIESEN, Manager
Rustic Home Builders, LLC
Sioux Falls, South Dakota                     Pro se for defendants
                                              and appellants.

* * * *

CONSIDERED ON MOTION
ON DECEMBER 26, 2012

OPINION FILED **01/16/13**

#26534

KONENKAMP, Justice

[¶1.]     We address the question whether an LLC must be represented by an attorney on appeal.

## Background

[¶2.]     Rustic Home Builders, LLC, contracted with Michael and Maggie Smith to provide the Smiths with specialty lumber products, services, and log home supplies for constructing a home north of Flandreau. Disagreements eventually led to a lawsuit. On May 1, 2007, the Smiths obtained a default judgment against Rustic for $174,963.01. Although Jay Driesen, Rustic's manager, and Jared Driesen were listed as individual defendants, the default judgment was only against Rustic Home Builders, LLC. Rustic and Jay Driesen moved to set aside the default judgment, but the motion was denied.

[¶3.]     The default judgment against Rustic was executed in Iowa in 2007. Almost five years later, in March 2012, the Smiths and Rustic stipulated that the judgment had been partially satisfied "based upon [the Smiths'] seizure of truckloads of logs from [Rustic]." A partial satisfaction of judgment was entered for $45,377.52. In April 2012, the trial court issued an order that the "claims against Jay Driesen which if proven would allow for the 'piercing of the corporate veil' . . . may be dismissed without prejudice[.]" The order went on to state that any other "claims [against Jay Driesen], presently made or presented in the future, arising from the facts or circumstances which gave rise to this case, other than the previously entered [m]oney [j]udgment" were "dismissed with prejudice." Later,

-1-

Rustic unsuccessfully challenged the amount of the partial satisfaction of judgment, arguing that the entire judgment had been satisfied.

[¶4.]        On October 25, 2012, Jay Driesen, individually, and on behalf of Rustic, served and filed a notice of appeal. Driesen is not a licensed attorney. The notice provided that Driesen and Rustic sought to appeal: the April 11, 2007, temporary restraining order; the May 1, 2007, default judgment; the June 12, 2007, order denying setting aside the default judgment; and the September 18, 2012, partial satisfaction of judgment order. The Smiths moved to dismiss the appeal, asserting that: (1) the appeal is untimely; (2) Driesen is not an attorney and cannot represent Rustic; and (3) Driesen is not an aggrieved party.

### Analysis and Decision

#### 1. Untimely Appeal

[¶5.]        The Smiths argue that portions of this appeal are untimely. SDCL 15-26A-6 provides that "[a]n appeal from a judgment or order must be taken within thirty days after the judgment or order shall be signed, attested, filed and written notice of entry thereof shall have been given to the adverse party." If a party is served by mail, "three days shall be added to the prescribed period." SDCL 15-6-6(e). We have no jurisdiction over an untimely appeal. *People ex rel. S.D. Dep't of Soc. Servs.*, 2011 S.D. 26, ¶ 8, 799 N.W.2d 408, 409. "Failure to serve a notice of appeal on a party before the time for taking an appeal has expired is fatal to the appeal and requires its dismissal." *In re Estate of Geier*, 2012 S.D. 2, ¶ 17, 809 N.W.2d 355, 360.

[¶6.] Driesen and Rustic appeal four separate orders. Three of these orders are from 2007: the April 11, 2007, temporary restraining order; the May 1, 2007, default judgment; and the June 12, 2007, order denying setting aside the default judgment. Because each 2007 order is at least five years old, this Court is without jurisdiction to consider Driesen's and Rustic's appeal of those orders. Accordingly, the appeal of the three 2007 orders is dismissed.

### 2. Representation of LLC

[¶7.] The appeal of the September 18, 2012, partial satisfaction of judgment order is timely. Nonetheless, the Smiths argue that Driesen, a non-lawyer, cannot appear on behalf of Rustic. As a matter of first impression, we consider whether an individual may appear pro se to represent an LLC. "In South Dakota, a director, officer or shareholder of a corporation who is not a licensed attorney is not permitted to appear pro se to represent a corporation." *Sunflour R.R., Inc. v. Paulson*, 2003 S.D. 122, ¶ 9, 670 N.W.2d 518, 521. Although "[a] limited liability company is not a corporation, . . . it is like one in being distinct from a natural person." *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008). Accordingly, many courts have extended the rule that a corporation must be represented by a licensed attorney to LLCs, and thus require an LLC to be represented by a licensed attorney in legal proceedings.*

---

\* *See e.g.*, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202, 113 S. Ct. 716, 721, 121 L. Ed. 2d 656 (1993) (noting that "a corporation may appear in the federal courts only through licensed counsel" and that "the rationale for th[is] rule applies equally to all artificial entities"); *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (holding "that a sole member limited liability company must be represented by counsel"); *Harrison*

(continued . . .)

[¶8.] The view that an LLC cannot be represented pro se is sound given that:

> [T]he right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity.

*Hagerman*, 545 F.3d at 581-82. We agree with other courts that have addressed this issue and hold that a non-licensed attorney is not permitted to appear pro se to represent an LLC. Therefore, Rustic's appeal of the September 2012 partial satisfaction of judgment order, which was filed by its manager and non-lawyer, Jay Driesen, is dismissed.

### 3. Aggrieved Party

[¶9.] All that remains is Driesen's individual appeal of the September 2012 partial satisfaction of judgment order. The Smiths argue that Driesen is not an

_____

(. . . continued)

*v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001) (stating that "a corporation or other business entity can only appear in court through an attorney"); *Martinez v. Roscoe*, 33 P.3d 887, 890 (N.M. Ct. App. 2001) (finding that an LLC "cannot file 'pro se' pleadings through its manager who is not licensed as an attorney"); *Michael Reilly Design, Inc. v. Houraney*, 835 N.Y.S.2d 640, 641 (N.Y. App. Div. 2007) (holding that an "LLC may only be represented by an attorney"); *301 Clifton Place LLC v. 301 Clifton Place Condo. Ass'n*, 783 N.W.2d 551, 560-61 (Minn. Ct. App. 2010) (stating "that a corporation must be represented by an attorney in legal proceedings" and that this rule similarly applies to LLCs); *H & H Dev., LLC v. Ramlow*, 272 P.3d 657, 661 (Mont. 2012) (noting that "[a] corporation 'cannot appear on its own behalf through an agent other than an attorney'" and that this rule should "apply with equal force to partnerships, limited liability companies, and similar entities"); *Disciplinary Counsel v. Kafele*, 108 Ohio St. 3d 283, 2006-Ohio-904, 843 N.E.2d 169, at ¶ 18 (citation omitted) (noting "that a limited-liability company exists as a separate legal entity, and may be represented in court only by a licensed attorney"); *Dutch Vill. Mall v. Pelletti*, 256 P.3d 1251, 1251 (Wash. Ct. App. 2011) (noting that "[a] limited liability company (LLC) must be represented by a lawyer in order to litigate").

aggrieved party and, accordingly, cannot appeal this order. "As a general rule, an appellant must not only have an interest in the subject matter in controversy, but must also be prejudiced or aggrieved by the decision from which he appeals." *In re Estate of Bartholow*, 2006 S.D. 107, ¶ 5, 725 N.W.2d 259, 261. "In the absence of an aggrieved party it is appropriate to dismiss the attempted appeal." *Id.*

[¶10.]     The trial court's order from April 2012 dismisses, without prejudice, "claims against Defendant Jay Driesen which if proven would allow for the 'piercing of the corporate veil[.]'" In the same order, all other present or future claims against Driesen not related to the "previously entered [m]oney [j]udgment" were "dismissed with prejudice." Therefore, because all the claims against Driesen were dismissed, he is not an aggrieved party and cannot appeal the September 2012 partial satisfaction of judgment order.

[¶11.]     Appeal dismissed.

[¶12.]     GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and WILBUR, Justices, concur.